In the Matter of FRANK J. ROHR, Appellant and Respondent, against EDWIN B. KENNGOTT, as Clerk of the County of Erie, et al., Respondents and Appellants.

Argued February 25, 1942; decided April 23, 1942.

*William Brennan, Jr.,* for petitioner, appellant and respondent. The apparent reservation in subdivision 2 of section 22 of the Civil Service Law (Cons. Laws, ch. 7) prior to its amendment by chapter 853 of the Laws of 1941, did not deprive cashiers in the competitive class of the civil service of the protection afforded by section 25 of such law. (*People ex rel. Sommerville* v. *Williams*, 217 N. Y. 40; *Matter of Merriweather* v. *Roberts*, 268 N. Y. 12.) The apparent reservation and exclusion of cashiers under subdivision 2 of section 22 of the statute as that subdivision was

worded prior to its amendment in 1941, did not apply to or affect a civil service employee in the competitive class whose position is not that of a mere cashier, or one who holds a position, the duties of which are not defined by statute as those of a mere cashier. (*Matter of Byrnes* v. *Windels*, 265 N. Y. 403; *People ex rel. Ryan* v. *Wells*, 178 N. Y. 135; *People ex rel. Hoefle* v. *Cahill*, 188 N. Y. 489; *People ex rel. Corkhill* v. *McAdoo*, 98 App. Div. 312; *Matter of Petrillo* v. *Lynn*, 243 App. Div. 796; 268 N. Y. 673.) To withhold from the position held by the petitioner, after it was classified as competitive, all protection against removal would, in effect, make it an exempt one in contravention of the Constitution and the statute. (*Matter of Seeley* v. *Stevens*, 190 N. Y. 158; *Matter of Wipfler* v. *Klebes*, 284 N. Y. 248.) A classification made by the State Civil Service Commission will not be disturbed if there is reasonable ground to sustain it. (*People ex rel. Schau* v. *McWilliams*, 185 N. Y. 92; *Matter of Simons* v. *McGuire*, 204 N. Y. 253; *Matter of Rooney* v. *Rice*, 274 N. Y. 347; *Opinion of Attorney-General*, 5 State Dept. Rep. 554; *Matter of Farley* v. *Kraft*, 204 N. Y. 675; *People ex rel. Weaver* v. *Farley*, 147 App. Div. 420.)

*Elmer R. Weil* and *Paul J. Batt* for Edwin B. Kenngott, as Clerk of the County of Erie, respondent and appellant. The duties of a cashier employed by the County Clerk to collect mortgage tax moneys involve complete confidence and trust rather than the mere performance of routine clerical work. (*Chittenden* v. *Wurster*, 152 N. Y. 345; *Matter of Gilfillan*, 127 App. Div. 846.) The County Clerk had full authority to discharge petitioner under section 22 of the Civil Service Law. (*Matter of Glassman* v. *Fries*, 271 N. Y. 116; *Matter of Mylod* v. *Graves*, 274 N. Y. 381; *Matter of Petrillo* v. *Lynn*, 243 App. Div. 796; 245 App. Div. 740; 268 N. Y. 673; *People ex rel. Hoefle* v. *Cahill*, 188 N. Y. 489.) Section 25 of the Civil Service Law has no application. (*People ex rel. Garvey* v. *Prendergast*, 148 App. Div. 129; *Matter of Merriweather* v. *Roberts*, 268 N. Y. 12.)

*John J. Bennett, Jr., Attorney-General* (*James P. Cotter* of counsel), for Civil Service Commission of the State of New York, respondent and appellant. The change of classification of the position of

cashier to competitive from exempt was legal. (*People ex rel. Shau* v. *McWilliams*, 185 N. Y. 92; *Matter of Blatz* v. *Esser*, 189 App. Div. 763; *Matter of Simons* v. *McGuire*, 204 N. Y. 253; *Matter of Rooney* v. *Rice*, 274 N. Y. 347; *Matter of Farley*, 73 Misc. Rep. 555; *Matter of Farley* v. *Kraft*, 147 App. Div. 929; 204 N. Y. 675.) When petitioner's position was classified as competitive, he retained the position. (*Matter of Sugden* v. *Partridge*, 174 N. Y. 87; *Matter of Jampol* v. *Kern*, 167 Misc. Rep. 823; 280 N. Y. 659; *Matter of Andresen* v. *Rice*, 277 N. Y. 271; *Matter of Fornara* v. *Schroeder*, 261 N. Y. 363.) The holder of a competitive position cannot be discharged for political reasons. (*People ex rel. Somerville* v. *Williams*, 217 N. Y. 40; *People ex rel. Garvey* v. *Prendergast*, 132 N. Y. Supp. 115; *Matter of Merriweather* v. *Roberts*, 268 N. Y. 12.) Petitioner could not be removed except for charges or reasons stated in writing. (*Matter of Byrnes* v. *Windels*, 265 N. Y. 403; *Matter of Friedman* v. *Finegan*, 268 N. Y. 93; *Neary* v. *O'Connor*, 18 N. Y. Supp. 634; *Matter of Willard* v. *Pilcher*, 92 Misc. Rep. 30; *Matter of Petrillo* v. *Lynn*, 243 App. Div. 796; 268 N. Y. 673.)

LEHMAN, Ch. J. The petitioner, Frank J. Rohr, was appointed in 1937 by the County Clerk of Erie county to a position in the Mortgage Tax Bureau of the County Clerk's office. It is the duty of the County Clerk of Erie county, pursuant to the provisions of the Tax Law (Cons. Laws, ch. 60), to collect the recording tax on mortgages. Section 261 of the Tax Law provides that upon the first day of each month he must pay over to the County Treasurer all moneys received during the preceding month upon account of taxes paid to him " after deducting the necessary expenses of his office as provided in section two hundred and sixty-two." Section 262 provides that " recording officers and county treasurers shall severally be entitled to receive all their necessary expenses for the purposes of this article, including printing, hire of clerks and assistants, being first approved and allowed by the tax commission and [which] shall be retained by them out of the moneys coming into their hands." The position to which the petitioner was appointed is entitled " cashier " and at the time of his appointment was classified as an " exempt " position. Upon the petition of the County Clerk, in August, 1939, by order of the State Civil Service

Commission, with the approval of the Governor, the position was reclassified and placed in the " competitive " class. At the election held in November, 1939, a new County Clerk was elected. He took office on January 1, 1940. He promptly delivered to the petitioner a notice in which he stated that the reclassification of the petitioner's position " in the competitive class by the State Civil Service Commission is, as I am informed, illegal. It is not my intention to continue you in the position and you are accordingly notified that you need not present yourself for duty at the Erie County Clerk's office at any time subsequent to the delivery of this letter."

The petitioner claims the protection afforded by section 22 of the Civil Service Law (Cons. Laws, ch. 7) to any " employee holding a position in the competitive class of the civil service of the state, or any civil division or city thereof." He has not received notice that any charges have been preferred against him. In his petition he alleges that the new County Clerk informed him in effect that he had no complaint of the manner in which the petitioner had performed his duties, but that political considerations based on difference of party allegiance compelled him to remove the petitioner. The petitioner has brought a proceeding under the provisions of article 78 of the Civil Practice Act to compel the County Clerk to reinstate him. Upon the application of the County Clerk the members of the State Civil Service Commission were made parties to the proceeding and the County Clerk moved the court to direct the Commission to reclassify the petitioner's position from the competitive to the exempt class. The court at Special Term dismissed the petitioner's application for an order compelling his reinstatement and denied the motion of the County Clerk for an order compelling the State Civil Service Commission to reclassify petitioner's position. The order of Special Term was affirmed by the Appellate Division — unanimously in so far as it denied the application of the County Clerk to compel the State Civil Service Commission to reclassify the position which the petitioner had held, and by a divided vote in so far as it dismissed the petitioner's application for an order directing his reinstatement.

Though the title of " cashier " has been attached to the position occupied by the petitioner, the duties of the holder of the position

are not confined to the handling of moneys. The County Clerk alleges that the cashier " is entrusted with the handling of monies received during the course of the day and further entrusted with the explicit duty of preparing deposit slips and depositing such sums in the bank," but it is not disputed that at least one other employee holding a position in the Mortgage Tax Bureau, which is entitled " examiner " and which is in the competitive class, shares these duties with the petitioner and, like the petitioner, receives and makes deposits of money and has access to the office safe; and it is also not disputed that in the course of the performance of his duties the petitioner has been required to examine all papers and documents filed or recorded in the office of the County Clerk of Erie county for " the purpose of determining whether or not any of such papers or documents disclose any interest, or lien, subject to the payment of a mortgage tax to the State of New York or under which a mortgage tax may be collected pursuant to the provisions of the Tax Law of said state." Though the County Clerk is responsible for the collection of the recording tax and may retain out of the moneys collected the necessary expenses of collection including the hire of clerks and assistants, the persons appointed to positions in his office are not his employees but are in the service of the State, are paid out of the moneys of the State and hold positions of trust in the " civil service " of the State as defined in section 2 of the Civil Service Law.

Appointments, promotions and removals of such employees are subject to the provisions of the Civil Service Law. Such positions must be classified in the competitive class unless they are placed in the exempt class in accordance with section 13 of the Civil Service Law upon a finding by the Civil Service Commission that a competitive examination is not practicable. The Civil Service Commission has determined that such an examination is practicable. Upon this record there might perhaps be doubt whether the Civil Service Commission could reasonably find that a competitive examination would not be practicable. Certainly the court cannot say that the finding of the Civil Service Commission that a competitive examination is practicable is arbitrary. Upon the transfer of the position occupied by the petitioner to the competitive class, the petitioner became entitled to the same security of tenure he would

have had if he had been appointed after competitive examination. (*Matter of Fornara* v. *Schroeder*, 261 N. Y. 363.)

The courts below have so held, but at the same time they have held that the Civil Service Law does not afford to a person holding the position of cashier even in the competitive class any substantial right to tenure of his position. Though the power to remove from positions in the civil service is limited by section 22 and though it is provided in subdivision 2 of that section that no employee " holding a position in the competitive class * * * shall be removed except for reasons stated in writing, * * * and shall be allowed a reasonable time for answering the same in writing," yet the same subdivision also provides that "nothing in this section shall be construed to apply to the position of private secretary, cashier or deputy of any official or department or change the provisions of section thirteen of the civil service law." If that section is construed according to its letter, then no person may be appointed to the position of cashier without a competitive examination where such examination is practicable, yet the person so appointed is not entitled to the security of tenure assured to other holders of competitive positions under the provisions of section 22.

The petitioner claims that removal is illegal not only because no charges had been made against him but because his removal has been " affected or influenced " by his " political opinions or affiliations," in violation of section 25 of the Civil Service Law. There is no provision in that section which in terms limits its application to persons in the competitive class or which withdraws from its scope the position of cashier. In *Matter of Merriweather* v. *Roberts* (268 N. Y. 12) this court concluded that a provision excluding positions in the exempt class from the scope of the provisions of section 25 must be read into the statute by necessary implication in order to carry out the general purpose of the Civil Service Law. The courts below have held that the holder of the position of cashier, though that position had been placed in the competitive class, is not entitled to security of tenure assured to holders of other competitive positions and that the decision of this court in the *Merriweather* case compels the conclusion that he is also not entitled to the protection provided by section 25. That, in our opinion, does not follow. On the contrary, the finding by the Civil Service Com-

mission that a competitive examination is a practicable test of fitness for the position of cashier and that in the future no *appointment* may be made without such examination destroys the basis for any claim that the *Merriweather* case and this case are analogous.

True, a statutory prohibition against removal of the petitioner because of party affiliation would probably afford very unsubstantial protection, if he may be removed though no charges have been made against him and without any statement of the reasons for his discharge. Perhaps it would be unreasonable to ascribe to the Legislature an intention to create such an anomalous situation, but it would be at least equally unreasonable to ascribe to the Legislature an intention to permit the removal of a person holding a position in the competitive class without charges and without reason given for his removal. Yet, as we have said, if section 22 of the Civil Service Law is given literal construction, that is exactly what the Legislature has done in respect to the position of cashier. The history of section 22 lends strong force to the argument that the draftsman of the section has distorted the intention of the Legislature.

To set forth in detail the history of the provisions of section 22 would unduly extend this opinion. In its present form subdivision 1 refers to removal of veterans and volunteer firemen; subdivision 2 refers to removals generally. In their original form these provisions were combined in a single section without subdivision. Then, as now, the provision in regard to the " position of private secretary, cashier or deputy " came at the end of the section. In 1915, while the statute was in that form, the Attorney-General rendered an opinion in which he said, " The exception of deputies, cashiers, and secretaries from the operation of section 22 of the Civil Service Law only means that the Legislature thought it wise to leave those positions out, when favoring veterans, etcetera, in the civil service, and cannot be used as a reasonable argument that cashiers are intended by the Legislature to be placed in the exempt class." (5 State Dept. Rep. 554, 581.) When the limitations upon the power of removal were reformulated and placed in two subdivisions the clause excepting deputies, cashiers and secretaries from the operation of section 22 could reasonably have been made part of subdivision 1, but it remained in the same position in which

it had been originally placed, that is at the end of the section. The Legislature, by chapter 853 of the Laws of 1941, has now removed it from subdivision 2 and placed it in subdivision 1. In the future, there can be no doubt that the position of cashier is excluded only from the operation of the provisions of subdivision 1 of section 22 granting special rights of tenure to veterans, and is not excepted from the operation of subdivision 2. We need not decide whether in this case without such amendment the statute could be so construed, for in any event the position under the title of " cashier " which the petitioner occupied is not a position of " cashier " within the meaning of the statute. The Legislature did not intend that rights of tenure to a position should be determined by the name given to the position. The duties of the position, as defined by some statute or by an ordinance or resolution of a body duly authorized by statute, not its name, determine the status of the position. Here, the duties of the position to which the petitioner was appointed are not limited in manner which would bring the position within the excepted class. (*Matter of Byrnes* v. *Windels*, 265 N. Y. 403; *People ex rel. Hoefle* v. *Cahill*, 188 N. Y. 489.)

The order should be modified to the extent that the petitioner's application for an order directing his reinstatement is granted and as so modified affirmed, with costs to the petitioner-appellant in all courts against the County Clerk of Erie county.

LOUGHRAN, FINCH, RIPPEY, LEWIS and CONWAY, JJ., concur; DESMOND, J., taking no part.

Ordered accordingly.