In the Matter of MARTIN E. MERCER, Appellant, against THOMAS H. DOWD et al., Individually and as Commissioners of Allegany State Park, Respondents.

Argued May 28, 1942; decided July 29, 1942.

*Glenn W. Woodin* for appellant. The power of respondents to remove the petitioner was limited by the provisions of section 22 of the Civil Service Law (Cons. Laws, ch. 7). *Matter of Seeley* v. *Stevens*, 190 N. Y. 158; *People ex rel. Kenny* v. *Folks*, 89 App. Div. 171; *Matter of Hoefle* v. *Cahill*, 188 N. Y. 489; *Matter of Morris* v. *Neider*, 259 App. Div. 49; *Matter of Fornara* v. *Schroeder*, 261 N. Y. 363; *Matter of Byrnes* v. *Windels*, 265 N. Y. 403.) The petitioner, denominated executive secretary by the respondents, was superintendent of Allegany State Park and his reinstatement is required. (*Matter of Mafera* v. *Pasta*, 265 N. Y. 552; *Matter of Morton*, 284 N. Y. 167; *Matter of Byrnes* v. *Windels*, 265 N. Y. 403; *People ex rel. Weaver* v. *Farley*, 72 Misc. Rep. 438; 147 App. Div. 420; 204 N. Y. 676; *People ex rel. Tate* v. *Dalton*, 158 N. Y. 204; *People ex rel. Kenny* v. *Folks*, 89 App. Div. 171; *People ex rel. Gilson* v. *Gibbons*, 231 N. Y. 171; *Matter of Naughton* v. *Boyle*, 129 Misc. Rep. 867.) The petitioner was not a private secretary within the fair meaning of the words of exception in section 22 of the Civil Service Law. (*Matter of Mylod* v. *Graves*, 274 N. Y. 381; *Lamborn* v. *Lake Shore Banking & Trust Co.*, 231 N. Y. 631; *Bank of Italy* v. *Merchants Nat. Bank*, 236 N. Y. 106; *Matter of Seeley* v. *Stevens*, 190 N. Y. 158; *Howitt* v. *S. S. Publications, Inc.*, 276 N. Y. 345; *Matter of Thomas*, 216 N. Y. 426; *People* v. *Dethloff*, 283 N. Y. 309; *Sexauer & Lemke* v. *Burke & Sons Co.*, 228 N. Y. 341; *Matter of Picone* v. *Commr. of Licenses*, 241 N. Y. 157;

*Matter of Schwab* v. *McElligott,* 282 N. Y. 182; *People ex rel. Hoefle* v. *Cahill,* 188 N. Y. 489.) The petitioner held a subordinate position and is not an independent public officer. (*Matter of Byrnes* v. *Windels,* 265 N. Y. 403; *Matter of Mylod* v. *Graves,* 274 N. Y. 381; *Matter of Christey* v. *Cochrane,* 211 N. Y. 333; *People ex rel. Jacobus* v. *Van Wyck,* 157 N. Y. 495; *People ex rel. McKnight* v. *Glynn,* 56 Misc. Rep. 35; *People ex rel. Hoefle* v. *Cahill,* 188 N. Y. 489; *Matter of Mafera* v. *Pasta,* 265 N. Y. 552.)

*John J. Bennett, Jr., Attorney-General* (*Vincent Kiebala, Henry Epstein* and *James P. Cotter* of counsel), for respondents. The Commission was not required to give petitioner a hearing upon stated charges prior to his removal. (*Matter of Neary* v. *O'Connor,* 173 Misc. Rep. 696; *Matter of Meehan* v. *Flaherty,* 119 App. Div. 128; *People ex rel. Garvey* v. *Prendergast,* 148 App. Div. 129; *Matter of Fornara* v. *Schroeder,* 261 N. Y. 363; *Matter of Mylod* v. *Graves,* 274 N. Y. 381; *Matter of Rooney* v. *Rice,* 274 N. Y. 347.) Petitioner's position was that of a secretary within subdivision 2 of section 13 of the Civil Service Law. (*Matter of Neary* v. *O'Connor,* 173 Misc. Rep. 696; *Matter of Meehan* v. *Flaherty,* 119 App. Div. 128; *People ex rel. Jussen* v. *Scannell,* 51 App. Div. 360; *People ex rel. Murphy* v. *Prendergast,* 165 App. Div. 186; *People ex rel. Hoefle* v. *Cahill,* 188 N. Y. 489; *Matter of Byrnes* v. *Windels,* 265 N. Y. 403; *Matter of Rohr* v. *Kenngott,* 288 N. Y. 97.) The exception contained in subdivision 2 of section 22 of the Civil Service Law embraces the position of secretary under subdivision 2 of section 13. (*Matter of Glassman* v. *Fries,* 271 N. Y. 116.) Petitioner was not a subordinate employee. (*People ex rel. Jacobus* v. *Van Wyck,* 157 N. Y. 495; *Matter of Christey* v. *Cochrane,* 211 N. Y. 333; *Matter of Mylod* v. *Graves,* 274 N. Y. 381; *People ex rel. McKnight* v. *Glynn,* 56 Misc. Rep. 35.)

Lewis, J. The petitioner-appellant, Martin E. Mercer, is an honorably discharged soldier of the first World War. In 1933 the Commissioners of Allegany State Park appointed him executive secretary of that commission. On December 28, 1940, he received notice of his discharge, effective January 31, 1941. No notice stating the cause for such action was ever served upon the appellant, nor was a hearing ever held on stated charges of incompetency or misconduct by him in the position he had held for seven years.

Although it is conceded that the position formerly held by the petitioner had been placed in the exempt class of the classified State civil service, and that the Commissioners of Allegany State Park have the power to remove employees at pleasure (Conservation Law, § 692 [Cons. Laws, ch. 65]), such civil service classification and such power of removal are subject to the provisions of the Civil Service Law (Cons. Laws, ch. 7). They do not preclude assertion by the appellant of his rights as a veteran under section 22 (id.). (*Matter of Seeley* v. *Stevens*, 190 N. Y. 158, 165, 166; *Matter of Fornara* v. *Schroeder*, 261 N. Y. 363, 367; *Matter of Byrnes* v. *Windels*, 265 N. Y. 403, 406; *Matter of Mylod* v. *Graves*, 274 N. Y. 381, 383.)

Asserting his right as a veteran under section 22 (id.), the petitioner instituted the present proceeding in which is demanded an order directing his reinstatement to his former position and the payment of his salary since January 31, 1941, upon the ground that his employers directed his discharge without giving him notice of the cause for such action and without affording him a hearing on stated charges of incompetency or misconduct on his part.

The order of Special Term granting the petition has been reversed by the Appellate Division, two justices dissenting. The proceeding is here upon appeal by the petitioner as of right.

After directing that no veteran of the World War, among others, shall be removed from State employment " except for incompetency or misconduct shown after a hearing upon due notice upon stated charges," and after affording such veterans and others in civil service certain prerogatives, section 22 of the Civil Service Law, as effective on January 31, 1941, provided: " * * * Nothing in this section shall be construed to apply to the position of private secretary, cashier or deputy of any official or department or change the provisions of section thirteen of the civil service law." (Subd. 2.)

The respondents, as Commissioners of Allegany State Park, assert that their action in removing the appellant from his position without affording him a hearing on stated charges of incompetency or misconduct, was not in violation of his legal rights. They maintain that the exception contained in subdivision 2 of section 22 of the Civil Service Law embraces the position of secretary under subdivision 2 of section 13, which provides in part: " The following

positions shall be included in the exempt class: * * * 2. One secretary of each state department or division, temporary state commission, or other state officer * * *." Reliance is also placed upon the statement by this court in *Matter of Glassman* v. *Fries* (271 N. Y. 116, at p. 119): " * * * the words of exception in section 22 embrace every person holding the position of secretary under section 13."

We think the respondents' argument disregards the duties assigned to the appellant as executive secretary. It is not the title which the position bears but the character of duties required of its incumbent which must control our decision. " The Legislature did not intend that rights of tenure to a position in [civil service] should be determined by the name given to the position. *The duties* of the position, as defined by some statute or by an ordinance or resolution of a body duly authorized by statute, *not its name, determine the status of the position.*" (Emphasis supplied.) (*Matter of Rohr* v. *Kenngott*, 288 N. Y. 97, 105; *Matter of Byrnes* v. *Windels, supra*, pp. 406, 407.)

The record at hand makes it clear that the duties of the position from which the appellant was removed were not within the class excepted by the Civil Service Law (§ 22, subd. 2, or § 13, subd. 2). The Allegany State Park Commission has control of three State parks and a network of parkways. Allegany State Park alone comprises 65,000 acres of land in Cattaraugus county. Within its boundaries are more than forty-nine miles of main public highways, forty miles of secondary roads, sixty miles of hiking trails, ski runs and ski trails. In addition to outdoor bathing pools there are located throughout the park more than three hundred cabins and eleven group camps which are available for rental by the public. The estimated annual attendance at this park is in excess of a million persons. Cuba Reservation is a small park comprising 650 acres of land in Allegany county. Within that reservation is Cuba lake around which is marginal State land which may be leased and upon which more than 200 cottages have been built. Lake Erie State Park, comprising 240 acres of land in Chautauqua county, affords the public a bathing beach with commodious bathhouse facilities.

In his former position the appellant, in addition to certain clerical work, had supervision and direction of the work of all

employees in the three parks, including forest rangers, patrolmen, forest supervisors, camp directors, truck drivers, automobile repairmen, carpenters, life guards, nurses, bathhouse attendants, office clerks and other temporary employees. He fixed the hours of service of all employees and determined their particular work. He purchased all supplies, supervised the repair of structures and equipment and leased all land, cottages and buildings available for rental.

These duties, which concededly were assigned to the appellant by the respondents, do not impress us as those connoted by the terms " secretary " or " private secretary." Rather are they the duties of a superintendent of the three parks over which the respondents have control. (*Matter of Mafera* v. *Pasta*, 265 N. Y. 552.)

The immediate jurisdiction and control of the three parks described above is vested by statute in the respondents. (Conservation Law, § 672.) In the performance of its duty of control and management and by further statutory authority (§ 692 id.) the Commission created the position from which the appellant has been removed, and determined the duties thereof. By like authority the respondents adopted by-laws, one of which defined the functions of the appellant's former position as: " * * * such duties as the Commission may from time to time direct." To that end the Commission assigned to the appellant the duties outlined above. In the performance of those duties the appellant was not a " private secretary," within the exceptions to be found in subdivision 2 of section 22 of the Civil Service Law, or a " secretary," under subdivision 2 of section 13 (id.), as now claimed by the respondents; nor was he an independent officer. He was the incumbent, by appointment, of a position which was under the control of and subordinate to the respondents. (*People ex rel. Jacobus* v. *Van Wyck*, 157 N. Y. 495, 506.)

When the appellant was removed by the respondent from his position as a subordinate employee of the Commission, without notice of the cause of his removal and without being granted a hearing on stated charges of incompetency or misconduct, he was entitled to invoke the protective provisions of section 22 of the Civil Service Law which the Legislature has accorded to veterans.

The order of the Appellate Division should be reversed and that of the Special Term affirmed, with costs in this court and in the Appellate Division.

LOUGHRAN, J. (dissenting). The executive functions discharged by the petitioner are fully described in the opinion of the court. In the course thereof he expended the appropriations made by the Park Commission out of its annual budget of approximately $100,000. This budget was prepared by him. He also took care of the collection of annual revenues of approximately $50,000 and made remittance thereof to the Treasurer of the State. All these things, the court says, were the work of a "subordinate employee." This characterization, I believe, surpasses the power of stretching language.

Only the Park Commission was superior to the petitioner as its superintendent. Its members visit the parks within its jurisdiction at infrequent intervals. They serve without compensation. The annual salary of the petitioner was $3,500. He was the clerk of the Park Commission. He prepared its official documents and kept its public records. Moreover, he was possessed of much of its official information in the first instance. He was thus a species of secretary. While it may be true that his complementary managerial service was more than secretarial, this certainly does not signify that his station was an inferior one. On the whole I am not prepared to say that the Civil Service Commission abused its powers when it classified the position held by the petitioner as "Executive Secretary in the office of the Allegany State Park Commission."

*Matter of Mafera* v. *Pasta* (265 N. Y. 552) is not in point. Section 13 of the Civil Service Law provides: "The following positions shall be included in the exempt class: 1. The deputies of principal executive officers authorized by law to act generally for and in place of their principals; * * *." In the *Mafera* case we held that the Superintendent of Parks of the borough of Queens was not such a deputy of the Commissioner of Parks of that borough.

The order of the Appellate Division should be affirmed, without costs.

FINCH, CONWAY and DESMOND, JJ., concur with LEWIS, J.; LOUGHRAN, J., dissents in opinion in which LEHMAN, Ch. J., and RIPPEY, J., concur.

Ordered accordingly.