In the Matter of LEE J. BEHRINGER, Respondent, against ANGELA R. PARISI, as Chairman of the Workmen's Compensation Board of the State of New York, Appellant, et al., Respondents.

Third Department, July 3, 1958.

*Jack Goodman* for appellant.

*John J. Kelly, Jr.,* for Lee J. Behringer, respondent.

HERLIHY, J. This is an article 78 proceeding in the nature of mandamus wherein the petitioner, Lee J. Behringer, seeks an affirmance of an order of the lower court directing his reinstatement to the position of district administrator of the Albany District of the Workmen's Compensation Board. The order of the lower court further provided that he be paid his back salary according to law.

The said proceeding is opposed by Angela R. Parisi, as chairman of the Workmen's Compensation Board of the State of New York.

The basis for the proceeding is section 22 of the Civil Service Law which reads in part as follows (subd. 1 as amd. by L. 1955, ch. 175): "1. Removal of veterans and volunteer firemen. No person holding a position by appointment or employment in the state of New York * * * who is an honorably discharged soldier, sailor, marine, or member of the army nurse corps or navy nurse corps (female), having served as such in the army or navy of the United States * * * during world war I, or world war II * * * shall be removed

from such position except for incompetency or misconduct shown after a hearing upon due notice upon stated charges, and with the right to such employee or appointee to a review pursuant to article seventy-eight of the civil practice act * * * Nothing in this subdivision shall be construed to apply to the position of private secretary, cashier or deputy of any official or department.''

The petition of Lee J. Behringer sets forth the factual allegations as to the Workmen's Compensation Board; that the petitioner is a resident of the State of New York; that he was appointed to the position in question in these proceedings on December 1, 1953; that the said position is classified by the Civil Service Commission in the exempt class; that he is an honorably discharged veteran of World War II, and various other allegations in support thereof. Annexed to the said petition are various exhibits to substantiate his claim as to the position of '' district administrator ''.

The answer to the petitioner admits many of the allegations, some of which will be specifically mentioned herein, together with certain denials, and likewise has annexed to it many exhibits which seek to support the position of the chairman.

Two material and important parts of the petition are set forth herein as they are admitted by the chairman. Paragraph '' 6 '' of the petition reads as follows: '' Petitioner has been an employee of the Division of Workmen's Compensation of the New York State Department of Labor since September 1, 1951 and since December 1, 1953 has been the duly appointed and permanent incumbent of the position of District Administrator of the Albany District of the Division of Workmen's Compensation.''

Likewise, paragraph '' 9 '' of the petition reads as follows: '' The position of District Administrator of the Albany District is not an independent office under the Division of Workmen's Compensation.''

The answer admits both these allegations.

The chairman of the board contends that under subdivision 1 of section 22, the district administrator here in question is a '' deputy '' and the petitioner herein claims he is not a '' deputy '' but a subordinate officer.

The word '' deputy '' is defined as follows in the American College Dictionary: '' a person appointed or authorized to act for another or others. 2. a person appointed or elected as assistant to a public official, serving as successor in the event of a vacancy.''

According to the appellant's brief, at the time of the reorganization and subsequent creating of the Workmen's Compensation Board, the then Governor Thomas E. Dewey at the time of signing the bill in his memorandum said:

" The bill does some simple and very important things:

" It vests complete executive and administrative authority in the Chairman of the Workmen's Compensation Board, instead of splitting the authority between the Board, the Vice Chairman of the Board, and the Industrial Commissioner.

" It vests completely the quasi-judicial functions under the Workmen's Compensation Law in the Board."

The chairman derives her powers and duties from section 141 of the Workmen's Compensation Law and there is no authority under the law for the creation of administrative deputies or district administrators.

Under section 152 of the Workmen's Compensation Law the chairman *may*, by order filed in the office of the secretary, delegate any of his administrative powers to or direct any of his duties, other than as a member of the board, to be performed by any other officer of the board or the head of any bureau or section of the board. This implies that the chairman, at her pleasure, may delegate certain duties and likewise may revoke them at any time. This does not constitute a statutory provision for the appointment of district administrators and it is obvious that these are subordinate employees and can not be classified as deputies. This is not a delegation of statutory duties pursuant to statutory authorization of a character which creates a position of deputy.

In *Heath* v. *Creagh* (197 Misc. 537, affd. 276 App. Div. 948) it appears that the petitioner was a deputy director of public works of the City of Niagara Falls, who was appointed to that position by the city manager pursuant to provisions of the city charter authorizing such appointment. The court, after discussing the question of whether the exempt class of employees are under the protection of section 22 of the Civil Service Law and other matters not pertinent to the instant case, goes on to say that since the deputy directors of the department are subject to discretion of the director of the department and are not provided for by statute, the deputies, regardless of the title by which they are called, are subordinate employees and thus are not subject to removal except upon charges as provided in the Civil Service Law.

The respondents-appellants place great emphasis on the fact that the district administrator was in charge of a large number of employees and was responsible for the justifying and admin-

istration of a large budget totaling over $400,000 annually. However, it is obvious that these duties were delegated by the chairman in the interest of orderly administration of the department and were always subject to the chairman's control as to policies and subordinate to her and to the administrative deputy when that office was occupied.

In *Matter of Mercer v. Dowd* (288 N. Y. 381) it was held by the Court of Appeals that the petitioner, as executive secretary of the Alleghany State Park Commission, an appointive position, was entitled to the protection accorded him as an honorably discharged veteran from removal, except upon charges, since although his title was that of secretary, he was in fact a superintendent of the various parks and parkways under the control of the commission under an arrangement strikingly similar to that of the district administrator in the instant proceeding. The court again held that under such circumstances, the title of secretary did not, in view of the actual nature of petitioner's duties, deprive him of the statutory protection as a veteran. (See, also, *Matter of Rohr v. Kenngott*, 288 N. Y. 97.)

The situation of the district administrator is analogous so far as private industry is concerned to the district manager of an insurance company whose delegation of authority would be as much and in some instances greater than that of the position here in question.

The parties hereto have indicated that there is no need for a trial to resolve any issue of fact raised by the pleadings. There are detailed and declarative statements and illustrations of the duties and responsibilities of the office. Exhibit "A", annexed to the petition, describes and locates the various district offices, the general duties of the district administrators under the direction of the administrative deputy, a detailed outline of the work, the associations with various other workers of the department, the manner and method of assignments, the various matters on which the district administrator acts as spokesman for the quasi-judicial board, various changes which the district deputies recommend to the administrative deputy or the chairman, their responsibility as to financial matters and many other details which are under their control. Many other necessities, restrictions and requirements are set forth in the reply to the answer of the respondent.

Respondent has likewise by various exhibits to the answer demonstrated possibly even more fully the manner and method of operation of the district administrators and it is important

to note that in many of the said exhibits, communications are captioned as follows:

> "To: Bureau and Office Heads
> District Administrators
> Referees, Claims Examiners
> and 25-A Unit of the Review Section".

There can be no serious dispute that both parties have gone into great detail and explanation in sustaining their position that there are no triable issues of fact and what we recently said in *Matter of Badman* v. *Falk* (4 A D 2d 149, 153) is applicable to the present case: "Undoubtedly there are some fringe issues of fact involved but we do not regard them as of decisive significance. Upon the undisputed facts we think petitioner made out a case for a peremptory order granting the relief sought."

The above case was affirmed by the Court of Appeals (4 N Y 2d 839) which stated: No issues remain for trial.

The order of the court below should be affirmed, with costs to petitioner-respondent, it conclusively appearing that the position from which the petitioner was removed was a subordinate one whose duties were not prescribed by statute and petitioner could not be termed a "deputy" within the meaning of section 22 of the Civil Service Law.

BERGAN, J. (dissenting). In determining whether a position is that of "deputy" within section 22 of the Civil Service Law, it has become well-settled law that the presence or absence of the word "deputy" in the title is not controlling. An assistant corporation counsel has been held to be a "deputy" (*Matter of Byrnes* v. *Windels,* 265 N. Y. 403) and a deputy tax commissioner has been held not a "deputy" (*People ex rel. Ryan* v. *Wells,* 178 N. Y. 135; cf. *Matter of Rohr* v. *Kenngott,* 288 N. Y. 97). As Judge LEWIS noted in *Matter of Mercer* v. *Dowd* (288 N. Y. 381, 385) it is "the character of duties required of its incumbent which must control".

These duties must be authorized by law in the sense that their prescription by the appointing or controlling officer or body must be made in pursuance of statutory authority or delegation; but it is perfectly clear when the cases are analyzed that the duties need not be read out of specific words of a statute to meet that test.

It is enough that the duties be prescribed "under some sufficient authority" by the appointing or superior power (*People ex rel. Hoefle* v. *Cahill,* 188 N. Y. 489, 497, cited in *Matter of Byrnes* v. *Windels, supra,* p. 407). The duties as

defined by a statute "or" by an ordinance or resolution of a body "duly authorized by statute" are controlling to meet the test (*Matter of Rohr* v. *Kenngott, supra,* p. 105).

Judge HALPERN summarized the alternative to a direct statutory prescription of duties as a prescription by "a statute authorizing the principal officer to delegate his duties and thus to create a deputyship." (*Heath* v. *Creagh,* 197 Misc. 537, 547, affd. 276 App. Div. 948.)

Here the words of the statute seem quite adequate for this purpose, since the chairman of the Workmen's Compensation Board is authorized to "delegate any of his administrative powers" to "the head of any bureau or section of the board," (Workmen's Compensation Law, § 152); and the question is whether there has or has not been such a delegation within the frame of that section as to constitute the district administrator a deputy in the exercise of the chairman's administrative functions. The judicial functions of the chairman may not be delegated, and are irrelevant.

A precise standard is not readily deducible from the decided cases for the determination of the scope of delegation, of authority needed to make the duties performed those of a deputy; and, indeed, the functions and delegated duties and powers in each office must be examined from case to case to determine if they reach such a degree of delegation of power and authority as fairly to meet the definition of "One authorized to act for or in place of another". (*Matter of Byrnes* v. *Windels, supra,* p. 407, quoting a common dictionary definition of "deputy".) A negative definition, which may be looked at conversely, was formulated by Judge HALPERN in *Heath* v. *Creagh* (*supra,* p. 544): that the superior officer there "did not purport to authorize the petitioner to act for him and in his stead in connection with matters assigned to the deputy director or with respect to any other matters."

The decision in *Matter of Mercer* v. *Dowd* (288 N. Y. 381, *supra*) followed upon a clear factual presentation in the record of what the duties of the position were and the court was able to say from that clear presentation that they were not those of a "secretary" within the words of section 22 of the Civil Service Law, which appears in direct context with "deputy". Here the answer alleges a long list of "illustrations" of specified powers of the chairman of the board delegated to the district administrator.

Many of them prima facie seem to amount to direct delegations of administrative powers and functions of the chairman and to fall logically within the area where an officer exercising

powers in such scope would be regarded a deputy within *Matter of Byrnes* v. *Windels* (265 N. Y. 403, *supra.*)

If these delegations were factually conceded as alleged by the respondent chairman of the board in the answer, I would be of opinion that the district administrator is a deputy. But the allegations are disputed. "It is quite true" says the petitioner's affidavit in reply to the answer "that certain phases of the exercise of duties" described in the answer "were delegated administratively", yet the petitioner "did not independently exercise the jurisdiction or power in the various fields" described in the answer.

Since this must be deemed a pleading and must be viewed liberally, it is to be read as alleging in effect that the long list of "powers" pleaded as having been delegated by the chairman were not exercised as pleaded, but were in fact restricted and narrowed in some essential ways or shared with or dependent on the exercise of other delegated powers. The chairman makes a further affidavit in reply to the one by petitioner in which she swears "categorically" that petitioner "alone was delegated each and every power and * * * alone exercised independently each and every such power", but this adds depth to the patent issue of fact appearing on this record.

The court ought to be able to know, as the record made clear in *Matter of Mercer* v. *Dowd* (288 N. Y. 381, *supra*) just what the delegation was and how it was exercised; the question of law is close enough not to be confused by broadly stated and unresolved issues of fact.

There should be a trial at Special Term in which the facts of the actual exercise of the delegated powers and duties should be explored and definitive findings made on those facts. Neither side here argues that there should be such a trial; but petitioner's argument in this direction rests on his contention that he is entitled as a matter of law on the record to a final order; and the respondent chairman makes a similar argument. But the parties have chosen to follow a procedural course which leaves open these factual issues in the case which ought to be resolved as a basis for the determination of the problems of law presented.

The order should be reversed and the proceeding remitted to the Special Term for trial.

COON, GIBSON and REYNOLDS, JJ., concur with HERLIHY, J.; BERGAN, J. P., dissents, in an opinion, and votes to reverse the order and direct a hearing at Special Term.

Order affirmed, with $50 costs to respondent.