In the Matter of LEO LEVY, Petitioner, *v.* JOSEPH F. PERICONI, as President of the Borough of The Bronx of the City of New York, Respondent.

Supreme Court, Special Term, Bronx County, June 28, 1962.

*Abraham Bernstein* for petitioner. *Leo A. Larkin, Corporation Counsel* (*Saul Moskoff* of counsel), for respondent.

JOHN L. FLYNN, J. This proceeding is brought pursuant to article 78 of the Civil Practice Act to compel the respondent, as President of the Borough of The Bronx, to reinstate petitioner to his former position of Superintendent of Sewers of the Borough of The Bronx.

Petitioner, a veteran, was appointed Superintendent of Sewers on February 18, 1961. The position was in the exempt class and the appointment was made without competitive examination. The respondent was elected Bronx Borough President in November of 1961 and upon assuming office on January 1, 1962, he summarily discharged the petitioner. Concededly, the petitioner had not been served with notice of any charges against him, nor had any hearing been held wherein he had been found guilty of incompetency or misconduct.

Petitioner by this proceeding attacks his dismissal as in violation of section 75 (formerly § 22) of the Civil Service Law, which prohibits the summary removal of a veteran from a civil service position without cause and without a hearing. Specifically excepted from this prohibition are the positions of secretary, cashier or a deputy of any official or department. There is also a judicially created exception termed "independent officer". (*Matter of O'Day* v. *Yeager,* 308 N. Y. 580.)

It is not contended that petitioner is an "independent officer" and, accordingly, the litigation would appear to turn on the issue of whether petitioner was a "deputy" within the meaning of section 75, or the former section 22, of the Civil Service Law.

By section 82 of the Charter of the City of New York there was conferred on the Borough President the power and the duty of having cognizance and control "Of all subjects relating to the public sewers and drainage of his borough  *  *  *  He shall have charge of  *  *  *  all sewers  *  *  *  the management, care and maintenance of the sewer and drainage system of the borough" and "He shall have power to appoint a secretary and such assistants, clerks and subordinates as he may deem necessary, within the appropriation therefor".

Respondent asserts that his duties and responsibilities required the employment by him "of assistants, deputies and subordinates for the purpose of assisting the Borough President in formulating, developing and pronouncing policies" and in implementing and enforcing such policies. He contends that the nature and extent of his duties and responsibilities authorizes him to appoint deputies as well as other assistants and subordinates and that petitioner, as Superintendent of Sewers, was a department or bureau head and a deputy. He alleges that petitioner had been appointed to a position "requiring the utmost trust and confidence between him and the Borough President." He avers petitioner had duties of great responsibility and importance and supervised the work of a large number of employees over a wide area, embracing a very large number of sewage installations. He asserts the position of Superintendent of Sewers is a policy-making position and confidential, that petitioner was charged with the responsibility of assisting the Borough President in formulating policy and that petitioner was "the representative of the Borough President in all matters relating to the sewer system"; that such Superintendent sits with the Borough President at executive and staff meetings and participates in discussions leading to the adoption of policies, and that such Superintendent has broad duties and responsibilities which include the direction of departmental policies and programs and that he is vested with sufficient administrative and executive powers to constitute him a "deputy".

Petitioner disputes the respondent's version of the duties and responsibilities of the Superintendent of Sewers. He denies he ever participated in policy making and he denies he ever stood in confidential relationship with the Borough President. He asserts his duties were purely ministerial and that he was merely a general foreman. He denies that he ever sat with the Borough President at executive or staff meetings or that his advice or opinion was ever sought with respect to matters of policy. He avers that he had no power to make any decisions, that he did not determine how repairs were to be made, that he made no determinations or recommendations as to sewer construction, and that he was not a "deputy".

A deputy may be a subordinate employee (*Matter of Behringer* v. *Parisi,* 5 N Y 2d 147, 154), although it has been said "that the section [§ 22] is intended to apply 'only to those holding positions of a subordinate nature'" (*Matter of Morton* v. *Murphy,* 11 A D 2d 880, 881). The use of the word "deputy" in the title of the position is not a controlling factor. It is "the character of duties required of its incumbent which must control". (*Matter of Mercer* v. *Dowd,* 288 N. Y. 381, 385.)

In order to deem petitioner a deputy, it is not necessary that his position " be specifically *named* in a statute or that its duties be prescribed by statute. It is sufficient if a statute *authorizes* the delegation of such type of duties as ordinarily would be exercised by one occupying the position of ' deputy ' ". (*Matter of Behringer* v. *Parisi, supra,* p. 151.)

In *Behringer*, a District Administrator of the Albany office of the Workmen's Compensation Board had been summarily removed and the power to remove the petitioner, a veteran, without cause and without hearing, was challenged in an article 78 proceeding. In that case there was express authorization in the Workmen's Compensation Law authorizing the chairman of the board to delegate administrative powers to the head of a bureau. In the case at hand, it is argued such authorization is to be found by implication.

In *Behringer*, Special Term ruled in favor of petitioner and on appeal to the Appellate Division (6 A D 2d 188) the majority of the court affirmed, Justice BERGAN dissenting, and urging a trial (p. 195) so that " The court ought to be able to know * * * just what the delegation was and how it was exercised; the question of law is close enough not to be confused by broadly stated and unresolved issues of fact."

The Court of Appeals, in reversing, agreed with Justice BERGAN that a hearing should be had " so that these matters may be sufficiently developed and definite findings made thereon " (p. 156). (See, also, *Matter of Morton* v. *Murphy,* 11 A D 2d 880.)

I similarly conclude, in the case at hand, that issues of fact are raised concerning the nature and extent of petitioner's duties, and as to the powers and duties claimed to have been delegated to him and the actual exercise by him of such powers and duties, which should be resolved upon a hearing.

Accordingly, the motion is granted to the extent of directing a trial of the foregoing issues pursuant to section 1295 of the Civil Practice Act. The cause will be set down at the head of the Ready Day Calendar of Trial Term, Part I, for September 4, 1962.