Richard Aroxsox, J.
This is a proceeding brought by the petitioner pursuant to article 78 of the CPLR to be reinstated to his position as Secretary and Executive Director of the Syracuse Housing Authority.
The facts leading up to the petitioner’s dismissal are not in dispute. The petitioner is an honorably discharged veteran of the Armed Services of the United States, having served actively in World War II, and has been the Secretary and Executive Director of the respondent authority since 1953. On October 1, 1963, his duties and responsibilities, together with the compensation he received for the performance thereof, were formalized into an agreement between him and the authority. On the 4th day of May 1965, pursuant to a resolution duly adopted, the authority and the petitioner entered into an agreement extending the afore-mentioned contract for a period of five years. On May 19, 1970, the respondent, Bernard S. Cohen, who at that time was the Chairman of the authority, notified the petitioner by letter that he was relieved of his duties and was to be removed from the payroll at the close of business May 20,1970; petitioner was also requested to leave the keys and registration to the authority’s automobile with a Mr. Gage.
On May 29,1970, all of the above-named respondents, with the exception of Martin S. Auer, resigned as members of the authority, and thereafter Royal O’Day, Janet Tuck, Gilbert S. Ross and Ida Benderson were duly appointed members of the authority to succeed the members who had resigned.
The petitioner contends that the respondents, while they were members of the authority, never formally and legally adopted a *580 resolution dismissing Mm from Ms position; that he is entitled to the protection of section 75 of the Civil Service Law of the State of New York since he is an honorably discharged veteran holding a permanent position and, therefore,, cannot be removed or otherwise subjected to any disciplinary penalty except for incompetency or misconduct shown after a hearing upon stated charges. He also challenges the authority of the Corporation Counsel of the city to represent the authority.
The respondent authority and the present members thereof, who seek to be substituted as parties respondent, admit the exe-' cution of the two contracts and that the petitioner has been the chief administrative officer of the authority from September 16, 1953 until May 4, 1970. It is their contention that by reason of the last afore-mentioned contract which terminated on May 4, 1970, the petitioner did not hold a position by permanent appointment within the meaning of section 75 (subd. 1, par. [b]) of the Civil Service Law, and, that if the petitioner were to be granted the relief sought herein, it would be an improper remaking of the contract. They further contend that the petitioner, by reason of the broad and comprehensive powers delegated to him by the authority, held the position of a ‘‘ deputy ’ ’ and 1 ‘ private secretary ” and as such, he is not entitled to the benefits of section 75 of the Civil Service Law.
Considering first the objection raised by the petitioner that the Corporation Counsel has no standing to represent the respondents, although William Kennedy, Esq., the authority’s counsel, appeared upon the return day of the motion, together with an Assistant Corporation Counsel, he has never submitted any pleadings or affidavits in opposition to the motion, and, in fact, he indicated to the court that he was not representing the respondents in tMs proceeding. The motion was adjourned, and thereafter the respondents have appeared by the Corporation Counsel who filed an answer in their behalf and this counsel thereafter appeared in opposition to the motion upon the argument thereof.
In that connection, subdivision 1 of section 32 of the Public Housing Law provides that the authority may call upon the Corporation Counsel or chief law officer of the municipality for such services as it may require. In view of the fact that the attorney retained by the authority has seen fit not to appear for it in this matter, the respondents, who are certainly entitled to counsel, have called upon the Corporation Counsel to represent them, and he has the authority to do so pursuant to the above-mentioned section of the Public Housing Law.
*581 The attorneys for the petitioner, although requested to do so by the attorney for the respondents, have refused to stipulate that the newly appointed members of the authority be substituted as parties respondent herein for the reason that the attorneys have been informed that when the appointments were made,' the new appointees submitted written resignations to the Mayor. It is the petitioner’s contention that such action brings into serious question the validity of any action that might be taken by the newly appointed Commissioners.
There is no proof that the information upon which the petitioner bases his refusal to stipulate the substitution is true, and consequently the petitioner’s position in that regard is without merit, and his refusal to stipulate the substitution is unjustified. Regardless of whether the Mayor holds their resignations, they are presently the duly appointed and acting members of the authority. As such, not only are they proper parties to this proceeding, but they are the only persons who are subject to any order the court may make in this proceeding and, therefore, the application by the attorney for the respondents for an order substituting as respondents the four new members of the authority for those who have resigned is granted.
Turning now to the merits of this controversy, the sole question to be determined is whether the petitioner, notwithstanding the existence of an expired contract with the authority, is entitled to the protection of section 75 of the Civil Service Law, The petitioner’s position as Executive Director of the authority has been classified in the exempt class according to the records of the Department of Personnel of Onondaga County. The respondents would have the court conclude that the petitioner holds the position of “ deputy, private secretary and cashier with the Authority ’ ’ by reason of the duties assigned to him by the by-laws of the Syracuse Housing Authority, viz., that he shall keep the records thereof, act as Secretary, and be given the care and custody of the funds of the authority and the power to sign all orders and checks for payment of money, and thus is excepted from that class of persons entitled to be removed only after a hearing. One of the tests to be applied in arriving at a decision as to whether one holding a position is a 8 ‘ deputy 5 J within the meaning of section 75 (subd. 1, par. [b]) of the Civil Service Law is whether there is a statute authorizing the principal officer to delegate his duties and thus to create a deputy-ship. It is significant that here the by-laws of the authority state that the Secretary shall be the executive director of the authority and shall have general supervision of the business *582 and affairs of the authority and shall be charged with the management of the authority and the projects thereof, subject to the direction of the authority.
The thrust of the respondents’ argument is that the petitioner, because of the extensive powers which were delegated to him by the authority’s by-laws, was a “ deputy ”, and, further, that because of the confidential nature of his duties he was also a ‘£ private secretary ’ ’; therefore, he is not entitled to the benefits of section 75 of the Civil Service Law. As authority for their position, the respondents rely upon Matter of Behringer v. Parisi (5 N Y 2d 147), in which a veteran who was permanently appointed as District Administrator of the Workmen’s Compensation Board and classified as exempt, was summarily dismissed. The court did not decide the question as to petitioner’s status but remitted the matter to Special Term for further proceedings for the reasons that- the powers and duties alleged to have been delegated by the Chairman to the petitioner as District Administrator were illustrative and not complete and that there was an issue as to the actual exercise by the petitioner of the powers and duties. In discussing whether the petitioner was a deputy,, the court commented that the^e was a statute, viz., section 152 of the Workmen’s Compensation Law, which authorized the principal officer by order to delegate his duties and thus to create a deputyship.
Just where the dividing line is between independent and subordinate offices is not always an easy matter to determine. Each case must be considered upon its own facts although the principles are clear. Once the court finds that the petitioner is a subordinate official, it then becomes necessary to determine whether or not he is a deputy within the meaning of section 75 of the Civil Service Law. Merely because subdivision 2 of section 32 of the Public Housing Law authorizes the authority to delegate to one or more of its agents or employees such powers and duties as it may deem proper, it does not necessarily mean that the recipient of those powers is a deputy.
The respondents’ arguments disregard the duties assigned to the petitioner as Secretary and Executive Director. It is not the title which the position bears but the character of the duties required of its incumbent which must control the decision as to the status of the position as secretary or deputy. The petitioner was in complete charge of the management of the several housing projects of the authority, which concededly involved purchasing all supplies, supervising employees, and the repairing and maintenance of all structures. These duties do not impress the court as those connoted by the terms “ private secretary ” *583 or “ deputy ”, but rather they are the duties of a superintendent of the several projects over which the respondents have control ; therefore, in the performance of those duties the petitioner was neither a private secretary nor a deputy within the exceptions to be found in section 75 of the Civil Service Law (Matter of Mercer v. Dowd, 288 N. Y. 381) but rather was the incumbent by appointment of a position which was under the control of and subordinate to the respondents.
The Court of Appeals in Matter of Driscoll v. Troy Housing Auth. (6 N Y 2d 513) passed upon a factual situation almost identical with the case at bar, even to the extent that there existed a contract between the authority and the petitioner, its Secretary. It held that the Secretary of the Troy Housing Authority who performed clerical, supervisory and managerial duties similar to those performed by the petitioner herein was entitled to the protection of section 22 of the Civil Service Law (now § 75), and that he was not a private secretary excluded from such protection. Although the court was not called upon to pass on the question of whether the petitioner was a deputy, it stated that its decision was controlled by the character of the duties required, and that the protective provisions of the statute were fully applicable to the petitioner.
The fact that the petitioner’s contract with the authority had terminated, in my opinion, does not deprive him of the protection of the statute, particularly since by paragraph 4 of the contract of October 1, 1963, he was entitled to sick leave, vacation and other benefits on the same basis as other employees of the authority. This indicates that the petitioner and the authority intended that any rights he had under the Civil Service Law as its employee were reserved to the petitioner.
The court, therefore, concludes that the protective provisions of section 75 of the Civil Service Law are applicable to the petitioner, and without the incompetency or misconduct shown after a hearing upon due notice and stated charges, the petitioner was wrongfully dismissed by the respondents ’ predecessors in office, and he is entitled to be reinstated. His motion for such relief is, therefore, granted, without costs.