■ In the Matter of STEPHEN GALATTI, Respondent, v COUNTY OF DUTCHESS et al., Appellants. — In a proceeding pursuant to CPLR article 78 to review a determination of the Dutchess County Department of Mental Hygiene to dismiss petitioner from the position of "Division Head of Continuing Services", the appeal is from a judgment of the Supreme Court, Dutchess County (Jiudice, J.), entered May 6, 1983, annulling the determination and ordering petitioner's reinstatement. Judgment affirmed, with costs.

In 1977, petitioner received his permanent appointment to the position of Director of Continuing Services in the Dutchess County Department of Mental Hygiene. He continues to hold that title, which is in the competitive class of the classified services of the civil service.

In November, 1977, petitioner was given the functional title of "Division Head of Continuing Services". A functional title is a noncivil service title established within a department for administrative convenience; it carries no increase in salary or benefits. The duties of division head and director are substantially similar.

On or about September 11, 1981 petitioner was removed from the position of division head, and another employee was given this job. Petitioner filed a grievance pursuant to the collective bargaining agreement. The grievance went through the steps outlined in the contract and culminated, on June 14, 1982, in a demand for arbitration pursuant to the contract.

On July 2, 1982, the county brought a petition in the Supreme Court, Westchester County, for a stay of arbitration. This relief was granted upon the theory that under the collective bargaining agreement, arbitration was available only when an alternate remedy was not provided by law. Since an alternate remedy

for wrongful dismissal existed under law pursuant to CPLR article 78, arbitration could not be maintained.

Petitioner then commenced this proceeding pursuant to CPLR article 78, on or about November 19, 1982, alleging that he had "in fact been demoted". He sought reinstatement to his former position with all of its duties and benefits.

We agree with Special Term's determination that petitioner should have been afforded a hearing pursuant to section 75 of the Civil Service Law and that this proceeding is not time barred.

A person holding a position by permanent appointment in the competitive class of the civil service cannot be subjected to a disciplinary penalty "except for incompetency or misconduct shown after a hearing upon stated charges pursuant to this section" (Civil Service Law, § 75, subd 1). The county contends that as the position of division head is not a position in the classified or unclassified civil service, the petitioner could be removed from this position without a hearing.

We note, however, that the positions of division head and director entail substantially similar responsibilities. Thus, the loss of the division head title has resulted in the loss of most of petitioner's duties and responsibilities as director as well. The duties of a position, not its name, determine the status of the position in the civil service hierarchy (see *Matter of Mercer v Dowd,* 288 NY 381). Thus, petitioner has been, in fact, demoted and should have been accorded a hearing in accordance with section 75 of the Civil Service Law.

Petitioner's proceeding is timely. The Statute of Limitations for a demoted employee who has been denied a right to a mandated hearing runs from the date his demand for reinstatement was refused (see *Matter of De Milio v Borghard,* 55 NY2d 216; *Austin v Board of Higher Educ.,* 5 NY2d 430). The Statute of Limitations is an affirmative defense to be pleaded and proved by the county (CPLR 3018, subd [b]). As the county has submitted no evidence as to when the petitioner demanded reinstatement or when such demand was refused, we cannot say that the proceeding was untimely. Mollen, P. J., Titone, Bracken and Rubin, JJ., concur.