JAMES M. VAN FLEET, Petitioner, *v.* THOMAS WALSH, as Commissioner of Public Works of the City of Mechanicville, N. Y., the CITY COUNCIL of Such City, and MORRIS O'BRIEN, Respondents.

Supreme Court, Saratoga County, January, 1924.

**Municipal corporations — city of Mechanicville — who is an employee and not an officer — abolishment of position in competitive class under the civil service — ordinance creating new position of deputy commissioner and providing position should not be subject to competitive civil service examination — when attempt to place new position in non-competitive class may be in violation of the Constitution and Civil Service Law — when appointee is not a " deputy "— when employee entitled to an alternative order of mandamus for his restoration to his former position.**

The city council of the city of Mechanicville at a meeting held June 29, 1915, adopted an ordinance that there be created " salaried offices " in the various city departments and that the " office of water and sewer superintendent " be created, to which position petitioner was appointed. Said ordinance prescribed his duties, fixed his annual salary at $1,500 per year and provided that " his term of office shall be two years unless sooner terminated according to the provisions of the charter." *Held,* that as under section 10 of the charter the mayor and four commissioners, who constitute the city council, are the only officers of the city, the petitioner became under section 20 of the city charter a salaried employee of the city, not an officer thereof.

A few months after petitioner's appointment and in accordance with section 18 of the charter and in conformity with the requirements of section 11 of the Civil Service Law relating to the classified civil service, rules and regulations for the civil service of the city were prescribed and approved under which the position held by petitioner fell into the classified service under rule 5 of the municipal civil service rules and in the competitive class of such service under rule 7, the position being one for which it is practicable to determine the merit and fitness of applicant by competitive examination. The position of water and street superintendent was abolished by an ordinance adopted on June 25, 1923, which stated that more efficient administration could be obtained by combining these positions in one deputy commissioner of public works " whose duty it shall be to perform the services now rendered under the title of street commissioner and water superintendent." The local civil service commission, in accordance with section 22-a of the Civil Service Law and its own rule 36, thereupon entered the following notation in its record opposite the name of the petitioner: " Suspended June 25, 1923, by abolishment of position. He to be entitled to appointment to same or any corresponding position if created within two years." At a meeting of the city council held on July 25, 1923, an ordinance was adopted creating the position of " foreman of streets and parks " and one McL. appointed to the place. At the same meeting another ordinance was adopted which after creating the position of " deputy commissioner of public works " provided that " such position shall not be subjected to competitive civil service examination and that the name of O'B. be certified to the city civil service commission for non-competitive examination for such position." *Held,* that if the newly created position was " corresponding or similar " to the one abolished,

the attempt to place it in the non-competitive class was in violation of constitutional and statutory provisions regarding the civil service.

The appointee was not a " deputy " within the meaning of section 13(1) of the Civil Service Law and the first section of rule 6 of the municipal civil service regulations.

Where upon petitioner's application for an order of mandamus for his restoration to the position formerly held by him in the service of the city, the affidavit of the commissioner of public works, read in opposition, after denying that the changes made in said positions were in name only, stated that the omission to specify in the new ordinance, with particularity, the duties of foreman of streets and parks and the duties of deputy commissioner of public works, left him as commissioner " free to specify the duties of the holders of said positions, thereby enabling deponent to more effectively carry on the duties of his office," a question of fact was presented as to whether the position newly created is similar or corresponding to the one abolished, and an alternative order of mandamus will issue, the inquiry thereunder to be limited to the question of the similarity of the two positions.

APPLICATION for order of mandamus.

*Robert W. Fisher,* for petitioner.

*Schwarte, Slade, Harrington & Goldsmith,* for respondents.

ANGELL, J. Petitioner applies for a peremptory mandamus order for his restoration to a position formerly held by him in the service of the city of Mechanicville, N. Y., or, in the alternative, that an alternative mandamus order issue requiring respondents to show cause why the relief asked should not be granted. Petitioner formerly held the position of water and sewer superintendent under the commissioner of public works of the city. This place was abolished, in name at least, June 25, 1923, and that of deputy superintendent of public works created. This is the position which petitioner asserts is the same, under another name, as that which he formerly held, and to which he now claims to be entitled.

The legislature adopted a charter for the city of Mechanicville by chapter 170 of the Laws of 1915, which provided that it should go into effect if approved by the qualified voters of the municipality. It was so approved and became effective May 12, 1915. The charter provides for what is popularly known as the commission form of government. The officers of the city, under section 10 of the charter, are the mayor and four commissioners (including the commissioner of public works, a position now held by respondent Walsh), who constitute the city council. The charter further provides in section 20 that each department shall be entitled to such " salaried employees " as may be authorized by ordinance; that the head of each department shall nominate such employees therein; that their appointments shall be made by the city council,

Supreme Court, January, 1924. [Vol. 122

and that the commissioner or the council shall have power of discharging employees.

At a meeting of the council held June 29, 1915, an ordinance was passed that there be created " salaried offices " for the city in the various departments, and that " the office of superintendent of streets and parks " and " the office of water and sewer superintendent " be created. At that time petitioner was appointed to the last named position. The same ordinance prescribed his duties, fixed his annual salary at $1,500 per year, and provided that " his term of office shall be two years unless sooner terminated according to the provisions of the charter."

It seems clear that in so far as the council by this ordinance assumed to create offices and to fix a specified term therefor, it exceeded the powers conferred on it by the charter. The officers of the city are designated in section 10 as the mayor and the four commissioners. No other officers are named; no other offices are created. Petitioner became, under section 20 of the charter, a salaried employee of the city, not an officer thereof. *Fisher* v. *City of Mechanicville*, 225 N. Y. 210.

Section 20 of the charter also provides that " all employees in any department shall be subject to discharge " by the commissioner at the head of the department, at any time, and that the city council also has the power of discharging any department employee. Petitioner could not, under the law as it then existed, hold his appointment beyond the pleasure of the council or the commissioner. A municipality cannot by ordinance fix a term for an office that has been placed by the legislature at the pleasure of the appointing power. 38 Cyc. 423. Section 3 of article X of the Constitution provides: " When the duration of any office is not provided by this Constitution it may be declared by law, and if not so declared, such office shall be held during the pleasure of the authority making the appointment." Not only is the duration of this so-called " office " not fixed by the Constitution, but it is not fixed by law, and it is not even, as heretofore shown, properly termed an office.

It is also necessary to consider the effect upon this appointment of the Civil Service Law of the state, and the rules adopted by the city thereunder. Section 18 of the charter provides that the council may establish civil service rules for the city departments and appoint civil service commissioners who shall prescribe and enforce rules for the classification of employments in the city. In accordance with this section, on or about September 9, 1915, a few months after petitioner's appointment, rules and regulations for the civil service of the city of Mechanicville were prescribed

and approved, in conformity with the requirements of section 11 of the Civil Service Law relating to the classified civil service. Rule 1 thus adopted provides that such rules shall apply to all municipal positions except those enumerated in the unclassified service. The position held by petitioner was not in the unclassified service as enumerated in rule 4. It fell, therefore, in the classified service, under rule 5, and in the competitive class of such service, under rule 7. In January, 1917, an amendment to rule 7 was adopted, it being the same provision contained in section 14 of the Civil Service Law, which provides that the competitive class " shall include all positions for which it is practicable to determine the merit and fitness of applicants by competitive examination, and shall include all such positions now existing " in every branch of the classified service, except such as are specifically enumerated as being in the exempt class, the non-competitive class, or the labor class. It is clear that under this rule the position of petitioner remained in the competitive class, it being a position for which it is practicable to determine the merit and fitness of applicants by competitive examination. In fact this does not seem to be questioned by respondents in either their brief or affidavits submitted. In any event, the question whether examinations for certain positions are practicable is one of law, when the character of the duties has been ascertained. *Chittenden* v. *Wurster*, 152 N. Y. 345.

About the time petitioner's position was placed under the Civil Service Law, he passed an open competitive examination under the authority of the municipal civil service commission, was duly certified for appointment to the position, and was thereafter appointed thereto. He served the probationary period of three months fixed by state civil service rule 12 and municipal civil service rule 30, which provide that retention in service after the end of the probationary term shall be equivalent to permanent employment. Petitioner, therefore, was entitled to consider himself permanently employed in the position of water and sewer superintendent, subject to municipal civil service rule 36 relating to removals. The removal provisions are not pertinent here, however, because petitioner was not removed. He held his position continuously from its creation in 1915 until it was abolished June 25, 1923, by the adoption of an ordinance, proposed by respondent Walsh, reciting that he deemed it advisable for a more efficient administration of his office and for economical reasons " to abolish positions or offices designated as street commissioner and water superintendent and in their place and stead to create the office of deputy commissioner of public works whose duty it shall be to perform the services now rendered under the title of

street commissioner and water superintendent." When petitioner's position was thus abolished, the municipal civil service commission entered the following notation in its record opposite his name: " Suspended June 25, 1923, by abolishment of position. He to be entitled to appointment to same or any corresponding position if created within two years." This notation was made in accordance with the provisions of municipal civil service rule 36, and section 22-a of the Civil Service Law.

It appears that the purpose of the council, as stated in the ordinance abolishing petitioner's position, was not adhered to, in that a deputy commissioner of public works to perform the services theretofore rendered by the street commissioner and water superintendent, was not appointed. Subsequently by an ordinance proposed by respondent Walsh at a meeting of the council July 9, 1923, and adopted July 25, 1923, " the position of foreman of streets and parks " was created, and one McLaughlin appointed to the place. At the same meeting an ordinance was proposed and subsequently adopted " that the position of deputy commissioner of public works " be created, and that respondent O'Brien be appointed thereto. This ordinance also provided " that such position shall not be subjected to competitive civil service examination and that the name of Morris O'Brien be certified to the city civil service commission for non-competitive examination for such position."

It seems clear that if the newly created position was " corresponding or similar " to the one abolished, the attempt of the council to place it in the non-competitive class was in violation of the Constitution and the Civil Service Law. Article V, section 9, of the Constitution provides: " Appointments and promotions in the civil service of the State, and of all the several divisions thereof, including cities and villages, shall be made according to merit and fitness to be ascertained, so far as practicable, by examinations, which, so far as practicable, shall be competitive." Subdivision 1 of section 6 of the Civil Service Law provides that the state civil service commission shall prescribe and enforce suitable rules and regulations for carrying into effect the provisions of that chapter and of section 9 of article V of the Constitution, and that rules prescribed by the state and municipal commissions pursuant to the provisions of that chapter shall have the force and effect of law. In accordance with that law and the constitutional provision quoted, the city of Mechanicville, as heretofore shown, established a municipal civil service commission under the rules and regulations of which the position of water superintendent was placed in the competitive class, and petitioner appointed thereto. It is obvious that

the attempt of the council arbitrarily to take the position out of the competitive class is in violation of these provisions regarding the civil service. If successful it would render nugatory their primary object, which was to make merit and fitness, as ascertained by competitive examination, the basis of appointment to office, and to protect the appointee to an office with no fixed term from removal without cause shown after an opportunity to be heard. *Matter of Tiffany,* 179 N. Y. 455; *People ex rel. Hoefle* v. *Cahill,* 188 id. 489.

But respondents contend that the newly created position is a deputyship, and is, therefore, in the exempt class under subdivision 1 of section 13 of the Civil Service Law and the first section of rule 6 of the municipal civil service regulations adopted by the city. These provide that in the exempt class shall be " the deputies of principal executive officers duly authorized by law to act generally for and in place of their principals." Respondent O'Brien is not a deputy within the meaning of these sections. There is no law that authorizes him " to act generally for and in the place of " his principal. The term " deputy " as used in the statute does not refer to an employee who may have been for convenience, or improperly, named a deputy, and who has no right under the statute to act for or in place of the principal officer. *Matter of Ostrander,* 12 Misc. Rep. 476; affd., 146 N. Y. 404.

It is true, as respondents contend, that no demand for reinstatement was made by petitioner prior to bringing this proceeding. But the whole situation existing here, as shown by the papers, makes it perfectly evident that such a demand would have been futile. "A refusal can be implied " from the conduct of respondents. *People ex rel. O'Brien* v. *Cruger,* 12 App. Div. 536. " Where it appears that a demand would be unavailing, it need not be made." 26 Cyc. 182.

These considerations lead to the question as to whether or not the newly created place is similar or corresponding to the one abolished. If it is, petitioner is entitled to it. The fact has been heretofore referred to that in the ordinance which abolished the positions of water and street superintendents, it was stated that more efficient administration could be obtained by combining these positions in one deputyship, but this was not done. The place of foreman of streets and parks was created, and McLaughlin appointed thereto. It seems fairly clear that his duties correspond to those formerly reposed in the superintendent of streets and parks. Instead of creating the position of foreman of water and sewers, the council seems to have left the place with the same nomenclature

which it originally planned for the two positions. It is difficult to conceive what responsibilities there were for the new incumbent to assume, other than those of the former water superintendent. Respondent Walsh seems practically to admit this, for he states in his affidavit that the respondent O'Brien " is fully qualified for " the position of deputy commissioner of public works, " having passed a competitive civil service examination for the office of sewer and water superintendent." Obviously, if the positions were not similar, the fact that O'Brien had passed an examination for the position of water superintendent would be no criterion of his fitness for the deputyship. However, respondent Walsh denies in his affidavit that the changes made by the council in said positions were in name only, and asserts that the omission of the council to specify particularly in the new ordinance the duties of foreman of streets and parks, and the duties of the deputy commissioner of public works, left him as commissioner " free to specify the duties of the holders of said positions, thereby enabling deponent to more effectively carry on the duties of his office."

To authorize a peremptory mandamus order petitioner's legal rights must be clear and complete. 26 Cyc. 151.

It may be that the allegations just referred to in the affidavit of respondent Walsh create a question of fact as to whether the position newly created is similar or corresponding to the one abolished. It seems best in this proceeding to assume that to be the case. Therefore, an alternative order of mandamus may issue, directed to respondents, and it may provide that the inquiry thereunder be limited to the question of the similarity of the two positions.

Ordered accordingly.