Michael J. Daley, Petitioner, *v.* Thomas Walsh, as Commissioner of Public Works of the City of Mechanicville, N. Y., the City Council of Such City, and Robert J. McLaughlin, Respondents.

Supreme Court, Saratoga County, January, 1924.

Municipal corporations — city of Mechanicville — mandamus — petitioner present at meeting of city council when his resignation was read and accepted — petitioner estopped from denying signature to resignation — failure of city clerk to file resignation with commissioner of accounts of no avail to petitioner — application for mandamus denied.

The petitioner herein was appointed superintendent of streets and sewers under the same conditions and at the same time as the petitioner in *Van Fleet* v. *Walsh* immediately *ante*, was appointed water superintendent. The situation relating, to both, the facts surrounding the tenure of their position in the civil service

of the city and the law applicable thereto is precisely the same down to the meeting of the city council held June 25, 1923, when both positions were abolished by ordinance. At that meeting, but before the adoption of said ordinance, the petitioner herein presented his resignation, the whole of which, including his name at the end thereof, was typewritten, and made statements indicating that he considered that he was separating himself permanently from the position which hitherto he had held. *Held*, that his resignation having been read and accepted, he became estopped from denying the signature thereto and from asserting that the same was unauthorized.

While it may have been the duty of the city clerk to have filed the resignation in the office of the commissioner of accounts when it was accepted, petitioner's claim that his resignation was ineffective because it was not filed, was untenable, as whether it was filed or not could not affect its effectiveness, and plaintiff's application for an order of mandamus to compel his reinstatement will be dismissed upon the ground that having terminated his employment with the city by voluntary resignation, he had no standing in court.

APPLICATION for order of mandamus.

*Robert W. Fisher*, for petitioner.

*Schwarte, Slade, Harrington & Goldsmith*, for respondents.

ANGELL, J. This is a corresponding proceeding to that of *Van Fleet* v. *Walsh*, 122 Misc. Rep. 316.

The petitioner here was appointed superintendent of streets and parks under the same conditions, and at the same time, as Van Fleet was appointed water superintendent. The situation relating to both, the facts surrounding the tenure of their positions, and the law applicable thereto, is precisely the same down to the meeting of the council held June 25, 1923, on which date the ordinance, previously introduced, was finally adopted abolishing both positions. There the parallel ends.

At that meeting, but before the adoption of the ordinance referred to, Daley presented his resignation, which was accepted by the council. He now contends that this resignation was ineffective because it was not signed by him, because it was not filed in the office of the commissioner of accounts, and because it purported to be a resignation as superintendent of streets only. If these contentions are not sound, it is unnecessary to consider his rights under the Civil Service Law as a volunteer fireman, and also whether the new position, after established, of foreman of streets and parks, to which he seeks reinstatement, was similar or corresponding to that formerly held by him.

The resignation in question was directed to respondent " Thos. Walsh, Commissioner of Public Works," and its pertinent portion reads: " Kindly accept my resignation as Superintendent of Streets of the City of Mechanicville, to take effect immediately." While the resignation purports to be signed by Daley, and his

name is appended to the copy of it made a part of the papers herein, he asserts that it was not signed by him. It is a natural inference from the affidavits presented and the circumstances that the whole resignation, including Daley's name at the end thereof, was typewritten. That, however, can have no significance if the signature was appended by Daley's authority, and adopted by him as his own. He was present at the meeting of the council when the resignation was read and accepted. Not only did he make no protest then that the resignation was not authorized, or the signature thereto not his own, but on the other hand, he made statements indicating that he considered that he was separating himself permanently from the position which he had hitherto held. Under these circumstances, upon the acceptance of the resignation by the council he became estopped from denying the signature to the resignation, and from asserting that it was unauthorized.

Neither is petitioner's claim sound that the resignation was ineffective because it was not filed. Section 14 of the city charter provides that the commissioner of accounts shall be *ex officio* city clerk, and that his office shall be the place for filing papers and documents required by law to be filed in the city. There is no provision in this section, or in any other to which attention has been called, that a resignation is ineffective unless filed in the office of such commissioner. The resignation was in the commissioner's custody. He read it as city clerk at the time it was accepted. It may have been his duty to perform the ministerial act of filing the resignation in his office. That was its natural depository. But whether or not it was filed, cannot affect the effectiveness of the resignation.

It is also argued that while the position which petitioner held was that of superintendent of streets and parks, his resignation as tendered and accepted was as superintendent of streets; that for this reason the resignation was void, because it was not a relinquishment of his duties *in toto*. This contention cannot be sustained. It is true that there was no such position, strictly speaking, as superintendent of streets, but there can be no doubt that was the common designation of the position. The papers in the case, the affidavits, the minutes of the council meetings, all refer to it that way. There is no room for question as to what job Daley intended to resign from. There was certainly no such position as superintendent of parks, and he cannot be considered as attempting to retain that portion of the functions of his position which related to parks. He intended no fine distinctions as to the nomenclature of the position in tendering his resignation. Neither did the council in accepting it. Both knew that the

functions of the position were not to be split, and that to give any effect whatever to the resignation it must be considered as a resignation from the position which he held.

It follows, therefore, that petitioner, having terminated his employment by his voluntary resignation, has no standing to apply for reinstatement.

Petition dismissed.

Ordered accordingly.