In the Matter of the Application of SEYMOUR A. LEFKOWITZ, Petitioner, for an Order under Article 78 of the Civil Practice Act against PAUL J. KERN, President, WALLACE S. SAYRE and FERDINAND Q. MORTON, Commissioners, Constituting the Municipal Civil Service Commission, and WILLIAM HODSON, Commissioner of Welfare, Respondents.

Supreme Court, Special Term, New York County, February 28, 1939.

*Martin B. Nadle* [*Hyman Fried* of counsel], for the petitioner.

*William C. Chanler, Corporation Counsel* [*Robert H. Schaffer* of counsel], for the respondents.

LEVY, J. Petitioner, a clerk in the home relief division of the department of welfare of the city of New York, occupies his position as a holdover from the emergency relief bureau and without appointment from any civil service list established after competitive examination. He seeks an order to declare the eligible list for clerk, grade 2, expired and without force as to positions in the home relief division, and to restrain further certification and appointment therefrom. The alleged claim is based upon the following portion of section 3-k of the Public Welfare Law:

" Public welfare departments in counties to which the provisions of the Civil Service Law and Rules have been extended and city public welfare departments, in addition to their employees previously appointed from civil service eligible lists, may employ, until December thirty-first, nineteen hundred thirty-eight, such number of additional persons as may be needed for the administration of home relief for which such departments are responsible as temporary employees in the competitive class of the civil service, unless such positions shall be classified as other than competitive by the Civil Service Commission. Public welfare departments in counties to which the provisions of the Civil Service Law and Rules have not been extended may employ such persons as temporary employees. As soon after July first, nineteen hundred thirty-seven, as practicable, and from time to time thereafter, the commissioner of public welfare of each city and county public welfare district and the city public welfare officer of each other city forming part of a county public welfare district shall determine what number of positions for the administration of home relief shall be established as permanent positions and what number as temporary positions. Not later than December thirty-first, nineteen hundred thirty-eight, appointments shall be made to such permanent and temporary positions; provided, however, that such temporary positions shall not be continued after June thirtieth, nineteen hundred thirty-nine, but at any time prior thereto may be made permanent with the approval of the State department.

" In counties to which the provisions of the Civil Service Law and rules have been extended and in cities all such appointments to permanent and temporary positions so established shall be made from eligible lists established by competitive examinations held as herein provided."

Attention is called particularly to the words " Not later than December thirty-first, nineteen hundred thirty-eight, appointments shall be made to such permanent and temporary positions," which petitioner interprets as a legislative mandate limiting the life of the eligible list and directing its expiration on that date. This inference is contrary both to the letter and the spirit of the law. Its intent was to hasten the extension of the competitive civil service system to the mass of employees of the relief bureau. The tenure of most of them became that of temporary employees in the competitive class. They were given certain preferences in the matter of eligibility for any examination for the positions held prior to July 1, 1938. It was contemplated that a competitive examination would be held, on the basis of which an eligible list would be established. Such a list has actually been created from

which appointments are to be made until it is exhausted. The statement in the law that " Not later than December thirty-first, nineteen hundred thirty-eight, appointments shall be made to such permanent and temporary positions " does not mean that no permanent or temporary appointments shall be made after that date. On the contrary, the obvious and sensible purpose of the provision was to put the competitive system in operation not later than December 31, 1938.

The application is wholly without merit, and the cross-motion to dismiss it as a matter of law is granted. Settle order.