Fred J. Munder, J.
The petitioners, in this article 78 proceeding, seek an order directing the State Civil Service Commission to approve an amendment to the Bules and Appendices of the Suffolk County Civil Service Commission which would place three Deputy County Clerks in the exempt class.
Acting pursuant to subdivision 3 of section 526 of the County Law the Board of Supervisors, by resolution, created three positions of Deputy County Clerk, one in Grade 25 and two in Grade 23, all three to be in the exempt class. The resolution creating such positions added “ it being understood that the classification of such positions as in the (exempt) class is subject to the approval of the Suffolk County Civil Service Commission pursuant to Subdivision 2 of Section 41 of the Civil Service Law ”. The same resolution directed the abolition of three positions with similar titles which are in the competitive class to become effective on the classification of the positions above mentioned as exempt.
When presented to the Suffolk County Civil Service Commission, which at the time was composed of two members, one Commissioner voted Yes and one Commissioner voted No on this proposal. Nevertheless the proposal and the vote thereon was included in a general resolution amending the rules and appendices which was sent to the State Civil Service Commission for its approval. The latter commission rejected some of the proposals, specifically among those rejected was the one which would placel three Deputy County Clerks in the exempt class. I
Until 1962, section 526 of the County Law provided for a Deputy County Clerk who was invested with all of the powers of the office and authorized to perform the duties of the County Clerk in the event of his temporary absence or inability, and, in case of a vacancy in the office, would assume the office until *37 a successor was chosen and qualified. The section also permitted the County Clerk to designate one or more employees of his office to perform the duties of the office in the absence or inability of the Deputy County Clerk.
By chapter 626 of the Laws of 1962 the Legislature added a new subdivision to section 526 of the County Law, which reads:
‘ ‘ 3. The county clerk may appoint and remove such additional deputies authorised to act generally for and in the place of their principal as shall be authorized by resolution of the board of supervisors.” (Emphasis supplied.)
The resolution of the Board of Supervisors in creating the three positions herein question stated that they were created “ pursuant to the provisions of subdivision 3 of Section 526 of the County Law ”.
Section 41 of the Civil Service Law provides: “ 1. The following offices and positions shall be in the exempt class: * * * (b) the deputies of principal executive officers authorised by law to act generally for and in place of their principals ”. (Emphasis supplied.)
By its use in the recent amendment to subdivision 3 of section 526 of the County Law, of the identical language used in section 41 (subd. 1, par. [b]) of the Civil Service Law, it seems obvious to me that the Legislature intended that those positions authorized by subdivision 3 were to be classified as exempt. That being true it is a legislative classification.
The principal question here is the extent of the power of the Legislature to pre-empt the authority of the Civil Service Commission to classify positions in the civil service.
The Constitution (art. Y, § 6) requires that “ Appointments and promotions in the civil service of the state * * * shall be made according to merit and fitness to be ascertained, as far as practicable, by examinations which, as far as practicable, shall be competitive ”. Implementing the constitutional provision the Legislature enacted the Civil Service Law. In respect to most of the positions in the civil service it delegated to the Civil Service Commission the power to classify them as competitive, noncompetitive, labor or exempt. In doing this it did not abdicate its own power to further legislate with respect to the civil service, even to “ classify for itself, if its classification can reasonably be regarded as a genuine endeavor to extend the constitutional test to the limit of the practicable ”. ( Cabdozo, J., in Matter of Oilinger v. Civil Serv. Comm., 240 N. Y. 435, 440.) “ The legislature, of course, has, in the absence of constitutional limitation, authority to except any positions from examination under the civil service law, or remove any position or class of *38 position from the commission’s jurisdiction (Kaplan, Law of Civil Service, p. 115.)
Tests of the legislative power to classify positions as exempt have generally been confined to cases in which the Legislature made blanket exemptions in an office or department of government. Matter of Kraus v. Singstad (275 N. Y. 302) and the cases therein cited are illustrative. Such attempts by the Legislature to exempt all the employees of a division of government have been consistently stricken down as unconstitutional. These cases indicate that the power of the Legislature to classify positions as exempt should be exercised sparingly and reasonably and in harmony with the spirit and purpose of the constitutional provision.
In our case there was no sweeping or blanket exemption of the employees of a department. Here the Board of Supervisors under the statutory authority created only three exempt positions of Deputy County Clerk in a large, multi-departmental division of government which has several branch offices in the county. The Legislature’s recognition of the diverse functions of the County Clerk and, particularly in the larger counties, the need for a more direct control by the County Clerk over the deputies, virtually alter egos, that he places at the head of the several departments of his office undoubtedly influenced its adoption of the 1962 amendment to section 526 of the County Law. It was within the competence of the Legislature to delegate to the Board of Supervisors the power to further legislate as to the number of positions of Deputy County Clerk the county may require. I find that what was done here was a reasonable exercise of the legislative power to classify positions under the civil service and one which does not violate the letter or the spirit of the Constitution.
Moreover, with the concurrence of the Board of Supervisors the County Clerk is, impliedly at least, invested with the power to employ subordinates for the proper conduct of his office. Calling such subordinates ‘ ‘ deputies ’ ’ will not put them in the exempt classification under section 41 (subd. 1, par. [b]) of the Civil Service Law. (Matter of Rohr v. Kenngott, 288 N. Y. 97, 105.) What is required is that there be some statute investing the deputy with the authority to take over and perform the duties of the principal officer or a statute authorizing the principal officer to delegate his duties to such deputy. (Matter of Behringer v. Parisi, 5 N Y 2d 147, 152.) Such authority, I find, is conferred by subdivision 3 of section 526 of the County Law.
Without this construction there would be no meaning in or necessity for the words 6 ‘ authorized to act generally for and *39 in the place of their principal55 in subdivision 3. If this interpretation is not given to subdivision 3 of section 526 of the County Law, chapter 626 of the Laws of 1962 will be rendered futile. A court should not impute to the Legislature an intent to enact an ineffective statute (McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 144). Not only must the court avoid a construction which would render a statute ineffective, it must accord to the statute a presumption of validity and constitutionality. And a court of original jurisdiction should not declare a law to be unconstitutional unless that conclusion is obvious and inescapable. (National Psychological Assn. for Psychoanalysis v. University of State of N. Y., 18 Misc 2d 722, affd. 10 A D 2d 688, affd. 8 N Y 2d 197, app. dsmd. 365 U. S. 298.)
In the circumstances here presented I find that neither the State Civil Service Commission nor the Suffolk County Civil Service Commission had any discretionary power to veto the authorized legislative action of the Board of Supervisors. On the contrary they were required by subdivision 2 of section 20 of the Civil Service Law to amend their rules and appendices to conform them to the statutory change.
As to the petitioner Felice, the fact that he has, under a provisional appointment, occupied a position with the title of Deputy County Clerk which was classified by the commission as competitive does not affect the result. Nor is it of any significance that the competitive position is to be abolished and that he, without taking a qualifying examination, may be appointed to the new position. The legislative classification in this situation prevails and, in effect, has removed his position from the control of the Civil Service Commission.
An article 78 proceeding in the nature of mandamus is the proper remedy for the petitioners and their petition is granted.