Henry Tasker, J.
Petitioner Town of Babylon brings this proceeding under CPLR article 78 to compel respondent Suffolk County Civil Service Commission to jurisdictionally classify the position of Assistant Public Welfare Officer of the Town of Babylon in the exempt class of the classified civil service, rather than in the competitive class. Respondent New York State Civil Service Commission is a nominal party only, joined because of its statutory duties with respect to the jurisdictional classification of newly created positions.
The material facts are not in dispute. Petitioner Town of Babylon, pursuant to section 67 of the Social Welfare Law, employed a Town Public Welfare Officer. The position was jurisdictionally classified by respondent as in the competitive class. The incumbent retired January 1,1962. Petitioner thereupon appointed a new Town Public Welfare Officer who filled the position as a provisional appointee. After scheduling and holding a competitive examination for the provisionally filled position, respondent established an eligible list on November 12, 1963. The provisional appointee was not on such list.
By resolution dated November 19, 1963, the Town Board authorized the Supervisor to act as Town Public Welfare Officer. (Social Welfare Law, § 67, subd. 1.) By further resolution on November 29, 1963, the Town Board created the position of Assistant Town Public Welfare Officer pursuant to subdivision 1 of section 67 of the Social Welfare Law, and appointed the provisional incumbent to the position of Town Public Welfare Officer thereto. Statement pursuant to section 22 of the Civil Service Law was duly filed with respondent. Respondent certified an appropriate title and jurisdictionally classified the new position in the competitive class. Thereafter, petitioner filed a formal request that the new position be jurisdictionally classified in the exempt class, which request respondent denied. Respondent *198 has also refused to certify respondent’s payroll as to the new position and the incumbent appointed by petitioner.
The gravamen of petitioner’s application is that the Legislature itself, by virtue of the provisions of section 67 of the Social Welfare Law, has jurisdictionally classified the position of Assistant Town Public Welfare Officer in the exempt class. The language relied upon in subdivision 1 of such section states: “ The town public welfare officer, his assistant and other employees shall hold office during the pleasure of the town board”. Petitioner contends that since the incumbents may hold office only at petitioner’s pleasure, the position must necessarily be in the exempt or noncompetitive classes, since a permanent appointee to a competitive position may not be removed except pursuant to section 75' of the Civil Service Law.
Both respondents by answer and affirmative defense deny petitioner’s conclusions of law and allege that respondent County Commission was required to classify the position as competitive by the provisions of section 44 of the Civil Service Law and section 6 of article V of the New York Constitution. They also point to the previous classification of the position of Town Public Welfare Officer as being in the competitive class, and contend that petitioner may not abolish a competitive position and replace it with an exempt position, subordinate to the abolished position. Respondent State Commission also argues that petitioner lias no standing to bring this proceeding.
Respondent State Commission’s latter contention that petitioner is not an aggrieved party and has no legally cognizable interest in the controversy is wholly without substance. (Matter of Ottinger v. State Civ. Serv. Comm., 240 N. Y. 435; cf. Matter of Andresen v. Rice, 277 N. Y. 271; cf. Matter of Powers v. Taylor, 207 Misc. 465, affd. 286 App. Div. 575, affd. 3 N Y 2d 952; see Matter of Klipp v. New York State Civ. Serv. Comm., 42 Misc 2d 35.)
The mandate of section 6 of article Y of the Constitution is clear. All appointments to positions in the civil service must be made according to merit and fitness to be ascertained as far as practicable by competitive examination. Both the Legislature and the various Civil Service Commissions may provide otherwise, classifying positions in the classified service as exempt or noncompetitive when it is not practicable to fill such positions by competitive examination, within the limits defined in Matter of Ottinger v. State Civ. Serv. Comm. (supra) and in the Civil Service Law (§§ 40-44). The position of Assistant Town Public Welfare Officer is not one of those described in the Civil Service Law (§ 41, subd. 1, pars, [a] — [d]) nor does *199 petitioner contend that it is an office or position for the filling of which a competitive or noncompetitive examination may be found to be not practicable (Civil Service Law, § 41, subd. 1, par. [e]; §§ 42, 44). Petitioner relies solely on the' alleged legislative classification arising from the cited language in subdivision 1' of section 67 of the Social Welfare Law.
The Legislature may not jurisdictionally classify a particular position in the exempt class unless it is one for which ascertainment of merit and fitness, or the filling of which, by competitive examination, is not practicable (Matter of Ottinger v. State Civ. Serv. Comm., supra; Matter of Carow v. Board of Educ., 272 N. Y. 341; Matter of Andresen v. Rice, supra; Matter of Volgenau v. Finegan, 163 Misc. 554, affd. 250 App. Div. 757). Accordingly, the court must hold that the Legislature does not have the power to exempt positions of the type here involved from the action of the Civil Service Law and the constitutional mandate (Aversa v. Finegan, 164 Misc. 162, affd. 250 App. Div. 752, affd. 275 N. Y. 512).
Assuming that the Legislature does possess such power as to the position in question, the language of section 67 of the Social Welfare Law does not compel the conclusion that it has exercised its power in this instance. There is no express language in the cited section or elsewhere placing the position in the exempt class. (Cf. Municipal Home Buie Law, § 10, subd. 4, par. [d]; see Matter of Volgenau v. Finegan, supra.) Welfare positions of this type are generally classified as competitive (Matter of Ackerman v. Kern, 281 N. Y. 87; Matter of Lefkowitz v. Kern, 170 Misc. 275, affd. 256 App. Div. 974). Although an Assistant Town Public Welfare Officer holds office during the pleasure of the Town Board, his tenure is subject to the provisions of the Civil Service Law (Matter of Mercer v. Dowd, 288 N. Y. 381; Matter of Driscoll v. Troy Housing Auth., 6 A D 2d 981, amd. 7 A D 2d 610, revd. 6 N Y 2d 513). That an appointee serves at the pleasure of the appointing authority does not per se require that the position be placed in the exempt class (Van Fleet v. Walsh, 122 Misc. 316; Matter of O’Keefe v. Clark, 238 App. Div. 175). The provisions of the Social Welfare Law and the Civil Service Law must be read together and construed so as to avoid conflict or unconstitutionality (McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 150). If the power of removal at pleasure is limited by the Civil Service Law even as to employees in the exempt or noncompetitive classes (Civil Service Law, § 75; Matter of Mercer v. Dowd, supra), the converse proposition urged by petitioner, that an appointee who serves at the pleasure *200 of the appointing authority must necessarily be in the exempt or noncompetitive class in order to be removable at pleasure, has no sound basis in law.
As an incidental matter, the court notes that the position of Town Public Welfare Officer, Avhen held by one other than the Supervisor, Avas classified in the competitive class. Petitioner may not abolish a competitive class position and create a subordinate position, with substantially the same duties, classified as exempt or noncompetitive (Van Fleet v. Walsh, supra).
No issues of fact are presented. The petition is dismissed.