John J. Dillon, J.
The sole issue before this court on defendant’s motion for summary judgment is whether or not the plaintiff Logan had resigned from his position as Police Commissioner of the Village of Tuckahoe within 10 weeks from January 10, 1964. The ten-week period expired on March 29, 1964. It appears from the proof that on March 13, 1964 the plaintiff wrote a letter of resignation addressed to the Mayor and the Board of Trustees. On the same day, the plaintiff personally delivered a copy of the letter to the Mayor and to the presiding officer of the Board of Trustees. The letter in part provides as follows:
“ At a recent interview with an official of the State Liquor Authority, I was informed that they would not approve a license to any person connected with the police department of any community, including Tuckahoe. I was informed that in order to get approval of my license, I would have to resign as Commissioner of Police of the Village of Tuckahoe.
“ Accordingly, it is with great regret that I tender you my resignation as Commissioner of Police of your Village, such resignation to be effective as of the date of this letter.”
The language contained in the letter is clear and unambiguous and manifests an unequivocal desire and intent to resign immediately as Police Commissioner of the Village of Tuckahoe. However, it appears that a copy of the letter was not delivered to the Village Clerk within the 10-week period. Section 60 of the Village Law provided in part as follows: “ A village officer may resign to the board of trustees, and his resignation shall take effect upon the delivery thereof to the village clerk, unless a time be specified in such resignation for its taking effect thereafter, in which case, such resignation shall take effect at the time so specified.” It is defendant’s contention that in order to resign effectively, it was necessary for plaintiff to deliver a copy of the resignation to the Village Clerk. The court does not agree with this narrow construction of the statute. The language of the statute is itself permissive in nature in that it states that a village officer may resign to the Board of Trustees. It does not make this the exclusive method of resigning. Moreover, the statute does not expressly require the resigning officer to file a copy of the resignation with the Village Clerk, but merely states that the resignation shall take effect upon ‘ ‘ delivery thereof to the village clerk ”. It would seem to the court that it was incumbent upon the presiding officer of the Board of Trustees or the Mayor to forward the letter of resignation to the Village Clerk, and that it was not necessarily the plaintiff’s duly to deliver the resignation to the Village Clerk. It is well *518 established that a public officer has the right to resign his office at any time (Olmsted v. Dennis, 77 N. Y. 378; People v. Harris, 294 N. Y. 424). The court determines that the resignation of March 13, 1964, was not rendered void or ineffective merely because no one took the trouble to transmit it or a copy thereof to the Village Clerk (Amato v. Epstein, 22 A D 2d 711; Daley v. Walsh, 122 Misc. 322). Accordingly, the motion for summary judgment is denied and plaintiff is awarded $20 motion costs.