William J. Crangle, J.
The Legislature by section 20 of the Civil Service Law has given petitioner rule-making powers subject to approval by the respondent. In this proceeding under article 78 of the CPLR the petitioner seeks to force respondent to approve a rule establishing the jurisdictional classification of one of its officers (the position of City Engineer) as noncompetitive. Respondent argues that its refusal to approve petitioner’s classification resolution was proper and reasonable and that in any event petitioner has no standing to complain as a party in this special proceeding.
Respondent cites cases in support of its position concerning petitioner’s lack of standing which are precedents for the rule *745 that a public body has no standing to challenge a State statute which restricts its governmental powers. (Board of Educ. v. Allen, 27 A D 2d 69; Board of Educ. v. Allen, 27 A D 2d 680; City of Buffalo v. State Bd. of Equalization, 26 A D 2d 213.) The principle enunciated in those cases is that a local agency of the State receives its powers from the State and any diminution in those powers by the Legislature cannot be questioned by it.
This principle does not extend to the exercise of rule-making powers between two largely autonomous bodies each charged with the administration of the Civil Service Law in its respective jurisdiction. (Matter of Ebling v. New York State Civ. Serv. Comm. 305 N. Y. 221; Matter of Caparco v. Kaplan, 20 A D 2d 212.) Petitioner in this proceeding does not challenge section 20 of the Civil Service Law as an unconstitutional or improper restriction on its powers. It merely complains that respondent has acted arbitrarily in its reviewing role. It does not seek to strike down legislation curtailing its governmental rule-making powers; it seeks an interpretation of those powers under the existing statute. There are numerous cases wherein a public body or officer has solicited the court’s intervention with respect to the action of another governmental agency often within the same department. (Matter of Ottinger v. Civil Serv. Comm., 240 N. Y. 435; Matter of Board of Educ. v. Allen, 14 A D 2d 429; Matter of Board of Educ. v. Allen, 6 A D 2d 316; Matter of Town of Babylon v. Stengel, 43 Misc 2d 196; Matter of Klipp v. New York State Civ. Serv. Comm., 42 Misc 2d 35.) I therefore conclude that petitioner has standing and is properly before the court in this proceeding.
John C. Hay, the present City Engineer for the City of Sara-toga Springs, has held that position since December 30, 1966 and has continued therein without having taken a competitive civil service examination. At a meeting of petitioner held on May 25, 1971 a resolution was adopted placing the position of City Engineer in the noncompetitive classification. The resolution was sent to respondent for its approval as required by subdivision 2 of section 20 of the Civil Service Law. Respondent has declined to approve the resolution upon the ground that it is practicable to fill this position in Saratoga Springs by competitive examination.
Section 44 of the Civil Service Law, enacted to implement section 6 of article V of the New York State Constitution, provides for a competitive class of civil service employees and mandates that it shall include all positions “for which it is practicable to determine the merit and fitness of applicants by *746 competitive examination.” Noncompetitive positions are the exception and not the rule. (Matter of Andresen v. Rice, 277 N. Y. 271; Matter of Barthelmess v. Cukor, 231 N. Y. 435.) Petitioner has failed to submit any other reason for the exception it wishes to make in this case other than as stated in the resolution itself. ‘ ‘ Whereas the Commission feels that because of education requirements, license necessary, experience needed, salary and size of the community. Now, therefore, be it resolved that the title of City Engineer be placed in the non-competitive classification.”
It appears from the papers submitted in this proceeding that, although some exceptions have been made, generally positions requiring a professional engineering license and educational experience in the field of civil engineering have been filled by competitive examinations on both State and local levels throughout the State. The salary offered by Saratoga Springs for the City Engineer position compares favorably with that offered by the State in comparable positions insofar as qualifications are concerned. Respondent from its experience in conducting such examinations states that it is convinced that, unless some special circumstances are shown, that the position can practicably be filled by competitive examination.
It cannot be said upon this record that respondent’s refusal to approve the petitioner’s resolution is arbitrary. It has indicated its decision would be otherwise if special circumstances were shown such as a manifestation of the failure of a serious effort to recruit applicants for the position through a competitive examination by an active use of advertising media likely to reach those having the qualifications required. Petitioner rests upon the conclusions incorporated in its resolution. In the absence of a showing of special circumstances indicating that an exception is necessary the refusal of the respondent to approve the resolution is reasonable and proper.
Petitioner complains that respondent’s determination was made without a hearing at a meeting held with no representative of the petitioner present. However, considerable time and opportunity were concededly given to petitioner to present its position and to establish that special circumstances exist. A hearing on notice and representation at the meeting were not required when final decision was made. Writing about companion section 25 of the Civil Service Law giving the State commission power to amend or rescind any rule of a municipal commission this court said: ‘ ‘ The statute does not require that a judicial or quasi-judicial hearing precede the State commission’s action. The function of the State commission is predominantly legislative or *747 executive rather than judicial in character. ” (Matter of Kaney v. State Civ. Serv. Comm., 190 Misc. 944, 947, affd. 273 App. Div. 1054, affd. 298 N. Y. 707).
Petition is dismissed.