Harold Baer, J.
The instant proceedings involving identical parties and identical issues are consolidated and decided as follows:
*943 In July of 1972 the plaintiff Imperial Realty Co., Inc., moved for summary judgment against the defendant City Rent Agency in an action for a declaratory judgment and injunction to invalidate and enjoin a blanket rule decreasing maximum rents in rent-controlled apartments for failure of the owner to comply with the mandated improvement required by the Air Pollution Control Code (Local Laws, 1971, No. 49 of City of New York; Administrative Code of City of New York, § 1403.2-1.01 et seq.). The basis for the action was that the defendant, pursuant to chapter 1012 of the Laws of 1971, had failed to obtain approval of the State Commissioner of Housing and Community Renewal for this change of policy. On September 25, 1972, Mr. Justice Bloustein denied the defendant city’s motion to dismiss, and granted a preliminary injunction. The State, although named a defendant, supported the motion for a preliminary injunction. In the interim, the city instituted an article 78 proceeding against the State Division of Housing seeking to declare chapter 1012 of the Laws of 1971 unconstitutional, and to review the determination of the State Commissioner of Housing and State Rent Administrator, dated July 18, 1972. It requested the vacating, annulling and setting aside of such determination as being arbitrary and capricious and without authority in law.
On November 8,1971, the Commissioner of the New York City Department of Rent and Housing Maintenance announced a regulation whereby, under certification of violations of the Air Pollution Control Code by the city’s Department of Air Resources, rent-controlled buildings would be subject to rent reductions.
The commissioner relied on section 34.3 of the New York City Rent, Eviction and Rehabilitation Regulations which provides that ‘ ‘ the Administrator may order a decrease of the maximum rent otherwise allowable * * * where a City agency having jurisdiction certifies that the housing accommodation is a fire hazard or is in a continued dangerous condition or detrimental to life or health ”.
The announcement spurred an exchange of correspondence between the petitioner Nathan Leventhal as Commissioner of Department of Rent and Housing Maintenance and respondent Robert E. Herman as State Rent Administrator. The respondent Herman demanded that the petitioner obtain approval before initiating the program, relying on chapter 1012 of the Laws of 1971. The petitioner requested approval by a letter of July 13,1972, without conceding the necessity for such approval. On July 18, 1972, the respondent Urstadt disapproved the pro *944 gram, and that letter constitutes the administrative determination and decision which is under review in this proceeding.
Chapter 1012 of the Laws of 1971 (amdg. Local Emergency Housing Control Act, L. 1962, ch. 21, § 1, subd. 5) provides in part: “ No housing accommodations presently subject to regulation and control pursuant to local laws or ordinances adopted or amended under authority of this subdivision shall hereafter be by local law or ordinance or by rule or regulation which has not been theretofore approved by the state commissioner of housing and community renewal subjected to more stringent or restrictive provisions of regulation and control than those presently in effect.”
It is Imperial Realty’s position that the city’s action is unlawful in that the program was not approved by the State Rent Agency; that the program constitutes a more stringent and restrictive rule which requires State approval. The defendant city argues (1) that the enforcement of a pre-existing regulation does not constitute a new regulation or rule to bring it within the inhibiting provision of chapter 1012 of the Laws of 1971, and that the program is merely a change in policy; (2) that chapter 1012 of the Laws of 1971 is unconstitutional in th^t it constitutes an excessive delegation of legislative power to an administrative officer without standards or guidelines; and (3) that the State Administrator’s determination is arbitrary and that there was no rational basis for the determination.
The State contends (1) that the city has no standing to challenge the constitutionality of chapter 1012 of the Laws of 1971; (2) that the statute is in fact constitutional; and (3) that the withholding of approval by the State Commissioner of Housing was a reasonable exercise of the discretion delegated to him by law.
The city’s reliance on section 34.3 of its regulations as the basis for its assertion that there is no new rule or regulation which requires approval is without merit. Mr. Justice Blotjsteih rejected this contention in Imperial Realty Co. v. City Rent Agency (71 Misc 2d 688, 690) when he stated: “ The City Rent Agency, however, apparently has decided to ignore the existing legal and administrative realities and chose to draw oblique distinctions and exceptions in order to circumvent the aforesaid statute and legislative policy of this State. This cannot be permitted. As any other litigant, the City Rent Agency must live within the realities of the existing situation and not extend its administrative powers beyond the pale of existing authority,”
*945 It is clear that the program implemented here was a new regulation, clearly more stringent than prior policy, requiring the approval of the State Commissioner of Housing and Community Renewal pursuant to chapter 1012 of the Laws of 1971.
As to the question of the constitutionality of chapter 1012 of the Laws of 1971, it has long been established that a municipality has no standing to challenge the validity of a. State statute relating to its governmental powers and duties (County of Albany v. Hooker, 204 N. Y. 1; Black Riv. Regulating Dist. v. Adirondack League Club, 307 N. Y. 475, app. dsmd. 351 U. S. 922; City of Buffalo v. State Bd. of Equalization & Assessment, 26 A D 2d 213). A municipality may challenge the constitutionality of a statute relating to nonministerial acts (Board . of Educ. of Cent. School Dist. No. 1 v. Allen, 27 A D 2d 69, affd. on the issue of standing 20 N Y 2d 109, affd. 392 U. S. 236) and it may challenge a statute where there is specific monetary damage ot a statute affecting the ownership of funds (Albany v. Hooker, supra; Matter of Haber v. Board of Estimate of City of N. Y., 33 A D 2d 571; Matter of Mastrangelo v. State Council of Parks, 21 A D 2d 879; City of New York v. Wyman, 66 Misc 2d 402, affd. 37 A D 2d 700, revd. on other grounds 30 N Y 2d 537). As to those instances where governmental duties are concerned, municipalities and other political subdivisions of the State have no standing to challenge the constitutionality of State law. Thus, an action will not lie on behalf of the city to challenge the constitutionality of chapter 1012 of the Laws of 1971.
As between governmental agencies, an action will lie to review the action of another governmental agency, where an interpretation of a statute is sought, or where a determination is sought that an agency has acted arbitrarily in its reviewing role. (Matter of Saratoga Springs Municipal Civ. Serv. Comm. v. New York State Civ. Serv. Comm., 70 Misc 2d 744 and the cases cited therein.) We come then to the question as to whether or not the withholding of approval was a reasonable exercise of the discretion delegated to the State Commissioner of Housing and Community Renewal. The disapproval was based on a longstanding policy not to reduce rent unless there was a reduction of or elimination of services included in the maximum rent. The Commissioner reasoned that where a landlord was required to invest in additional equipment, the reward of a rent increase would act as an incentive for making a capital improvement to his building. This then was the basis for the Commissioner’s ruling. Whether we agree with the Commissioner’s rationale or not is immaterial. However, we cannot as a matter of law con *946 sider the action of the Commissioner as arbitrary or without a rational basis, and it cannot be disturbed (Matter of Colton v. Berman, 21 N Y 2d 322).
Accordingly, the petition of the city’s Housing and Development Administrator, and of the Commissioner of the Department of Rent and Housing Maintenance, is dismissed, and the motion for summary judgment by the plaintiff Imperial Realty Co., Inc. is granted.