■ VICTOR T. LISS, as Town Clerk of the Town of Smithtown, et al., Appellants, v NEW YORK STATE CIVIL SERVICE COMMISSION et al., Respondents.—In an action, inter alia, for declaratory judgment relief, plaintiffs appeal from a judgment of the Supreme Court, Suffolk County, entered July 10, 1979, which dismissed the complaint. Judgment reversed, on the law, without costs or disbursements, and it is declared that the positions of the three Deputy Town Clerks of the Town of Smithtown are in the exempt class of the civil service, pursuant to section 41 (subd 1, par [b]) of the Civil Service Law. Subdivision 10 of section 30 of the Town Law provides, inter alia, that "The town clerk of each town may appoint not more than three deputies * * * [who] shall have such powers and shall perform such duties as the town board may determine" (emphasis supplied). On or about June 29, 1976 the Town Board of the Town of Smithtown adopted a resolution authorizing its deputy town clerks to act generally for and in place of the town clerk, whereupon the incumbent town clerk (plaintiff Liss) attempted to appoint three individuals to the position of deputy town clerk and have them certified in the "exempt" class of the civil service. The instant dispute arose when the plaintiffs were informed by the Suffolk County Department of Civil Service that, pursuant to its rules, it intended to classify only one of the deputy town clerks in the indicated "exempt" category. This action was thereafter commenced. Section 41 (subd 1, par [b]) of the Civil Service Law provides: "The following offices and positions shall be in the exempt class: * * * (b) the deputies of principal executive officers authorized by law to act generally for and in the place of their principals" (emphasis supplied). In our view, defendants' refusal to classify all of the Deputy Town Clerks of the Town of Smithtown in the "exempt" category was contrary to law (see Matter of Grossman v Rankin, 43 NY2d 493, 502). Accordingly, we reverse. In accordance with subdivision 10 of section 30 of the Town Law (quoted above), the Town Board of the Town of Smithtown has provided by resolution that its deputy town clerks shall be authorized "to act for and in place of the Town Clerk of the Town of Smithtown", and, in the absence of any statutory proscription to the contrary, we do not perceive why the town board would be precluded from exercising its statutory prerogative in this manner (see Matter of Collins v City of Schenectady, 256 App Div 389, 393). As the town board has proceeded in a manner authorized by law to empower its deputy town clerks to act "for and in the place of their principal", we believe that defendants' contention that it need not certify all of the said positions in the "exempt" class of the civil service is contrary to the express mandate of section 41 (subd 1, par [b]) of the Civil Service Law and, accordingly, cannot be sustained (see Matter of Klipp v New York State Civ. Serv. Comm., 42 Misc 2d 35, affd 22 AD2d 854, affd 15 NY2d 880; cf. Matter of Grossman v Rankin, 43 NY2d 493, 506, supra). Lazer, J. P., Rabin, Gulotta and O'Connor, JJ., concur.