■ In the Matter of INCORPORATED VILLAGE OF NISSEQUOGUE, Appellant, v STATE OF NEW YORK CIVIL SERVICE COMMISSION et al., Respondents. [650 NYS2d 262] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondent State of New York Civil Service Commission dated February 15, 1995, which denied the petitioner's application for classification of the position of Deputy Police Commissioner for the Incorporated Village of Nissequogue as an exempt class under the Civil Service Law, the appeal is from a judgment of the Supreme Court, Suffolk County (Doyle, J.), entered December 19, 1995, which denied the petition and dismissed the proceeding.

Ordered that the judgment is reversed, on the law, without costs or disbursements, and the petition is granted.

On June 23, 1992, the Board of Trustees for the Incorporated Village of Nissequogue (hereinafter the Village) adopted Local Laws 1992, No. 3 of the Incorporated Village of Nissequogue and, on August 5, 1992, the law was approved at a mandatory referendum. In pertinent part, Local Laws 1992, No. 3 of the Incorporated Village of Nissequogue states that the Mayor, acting in the capacity of Police Commissioner, will head the Village police department, and that the Mayor will appoint a Deputy Police Commissioner to assist the Commissioner and "assume all the powers of the Commissioner * * * whenever he or she is absent or unavailable". Local Laws 1992, No. 3 of the Incorporated Village of Nissequogue also indicates that the Village intends to place the Deputy Police Commissioner position in the exempt class under the Civil Service Law. The instant dispute arose when the State of New York Civil Service Commission (hereinafter the Commission) disapproved the request for exempt classification of the Deputy Police Commissioner position.

Civil Service Law § 41 (1) (b) provides: "The following offices and positions shall be in the exempt class: * * * (b) the deputies of principal executive officers authorized by law to act generally for and in place of their principals" (see also, Municipal Home Rule Law § 10 [4] [d]). Since the Village has proceeded in a manner authorized by law to empower its Deputy Police Commissioner to act for and in the place of the Police Commissioner, the Commission's disapproval of the position in the exempt class is contrary to the express mandate of Civil Service Law § 41 and, therefore, cannot be sustained (see, Liss v New York State Civ. Serv. Commn., 76 AD2d 831). Accordingly, the judgment is reversed and the petition is granted. Rosenblatt, J. P., O'Brien, Thompson and McGinity, JJ., concur.