# THE

# NEW YORK SUPPLEMENT

## VOLUME 130

(72 Misc. Rep. 430.)

PEOPLE ex rel. WEATHERLY v. MILLIKEN et al., State Civil Service
Commission.

(Supreme Court, Special Term, Albany County. June 24, 1911.)

1. OFFICERS (§ 11*)—CLASSIFIED SERVICE—"CONFIDENTIAL POSITION."
    The court stenographer of a judicial district does not hold a "confiden-
tial position," within the civil service law; the stenographer being only
required to attend the terms of court, make stenographic record of all
proceedings in court, preserve the minutes, supply copies to the court,
attorneys, and the parties, and owing no duty of a confidential nature to
the presiding justice holding trial terms away from the county of his
residence.

    [Ed. Note.—For other cases, see Officers, Cent. Dig. § 13; Dec. Dig.
§ 11.*

    For other definitions, see Words and Phrases, vol. 2, pp. 1422, 1423.]

2. OFFICERS (§ 11*)—CIVIL SERVICE—CLASSIFICATION—COMPETITIVE CLASS.
    That an examination for a position in the competitive class within the
civil service law is practicable is evidenced by the fact that examinations
have been had, eligible lists prepared, appointments made from such
lists, and appointees successfully performing the duties of the position;
and mandamus does not lie to compel the State Civil Service Commission
to reclassify the position and place it in the exempt class, on the ground
that an examination is impracticable.

    [Ed. Note.—For other cases, see Officers, Cent. Dig. § 13; Dec. Dig.
§ 11.*]

Mandamus by the People, on the relation of Thaddeus L. Weatherly,
against Charles F. Milliken and others, constituting the State Civil
Service Commission, to compel the Commission to certify the appoint-
ment of relator as stenographer in a judicial district of the state. De-
nied.

Hymes, Woytisek & Schaap (E. Hymes, of counsel), for relator.
Thomas Carmody, Atty. Gen. (Frank Kennedy and Arthur S. Ham-
lin, of counsel), for defendants.

RUDD, J. Justice Betts granted an alternative writ of mandamus,
directed to the State Civil Service Commission, commanding them to
certify to the Comptroller of the state of New York that Thaddeus

Weatherly has been appointed a stenographer in the Ninth judicial district of this state by Arthur S. Tompkins, a justice of the Supreme Court, in pursuance of law and of the rules made in pursuance of law, and further commanding the commission that they classify said position of court stenographer for the Ninth judicial district of this state in the exempt class, or that said commission show cause to the contrary thereof.

By stipulation testimony was taken before a referee under the alternative writ of mandamus. Upon the record thus made the relator asks for a peremptory writ at this time to compel the Civil Service Commission of the state to reclassify the position of court stenographer, taking it from the competitive class, and placing it in the exempt class, and to compel the commission to certify to the Comptroller of the state that the relator has been appointed a court stenographer in the Ninth judicial district.

The certificate of Justice Tompkins, by which it is claimed the justice appointed the relator, was received by the State Civil Service Commission January 7, 1907. Justice Tompkins was immediately notified in writing that the permanent appointment of relator could not be had. A provisional examination was granted to and taken by the relator, and a provisional appointment of the relator as court stenographer was made for a period of two months. Subsequently a competitive examination was had, in which he failed. A subsequent examination was had, and the relator again failed. The relator continued, however, to act as court stenographer, and was paid for such services for a period of six months. In September, 1907, his voucher or account for one quarter's salary was refused certification by the Comptroller of the state. Justice Tompkins, in January, 1907, appointed Adolph D. Turneau as his confidential secretary, and he is still serving as such.

[1] The position here involved is not that of confidential secretary or personal stenographer to the justice, but it is that of court stenographer, whose duties are specified by law, who is required in his performance of those duties to attend at terms of court, making stenographic record of all proceedings had in the court, to preserve the minutes, supply copies to the court, to the attorneys, and to the parties, and when he has faithfully and intelligently performed these duties his labors as an official cease. He owes no duty to the presiding justice to assist him in his correspondence, or to attend to any of the work which would naturally fall to a confidential or private secretary. He represents in his official work a highly important and responsible portion of the work which falls to the court, equally with the justice he must be absolutely disinterested, and, unlike the justice, he never can use his discretion, he is not vested with any power to alter or change or modify, or in the slightest degree to depart from making and transcribing a record which is absolute in its correctness and fullness to the slightest detail. He transcribes faithfully grammatical errors, improper language, unfortunate remarks of counsel, it may be, and the errors of the court. He owes no personal duty to the justice, save that which should properly come from one man to another, co-operating and working in the administration of justice, to produce so far as is possible a correct result.

This is said in view of the contention by the relator that, when the justice is holding Trial Terms away from the county in which he resides, then the court stenographer takes the place of the confidential personal secretary or stenographer. To me it seems that, if the court stenographer does thus aid the justice, it is a matter which is not at all controlling in the consideration of the questions here involved. The position of court stenographer is classified, and has been for several years, in the competitive class. An examination has been required. Appointments have been made from the classified list in many of the judicial districts of the state, including the Ninth. There have been appointed as court stenographers, to serve in the Supreme Court, Surrogate's Courts, County Courts, and Court of General Sessions, 39 stenographers, all appointed from the eligible lists of the State Civil Service Commission, since October 1, 1900.

There seems to be no question as to the entire competency and efficiency of the relator as a stenographer. He has been, and the court is advised is now, performing satisfactorily the important duties of that position. His competency, his integrity, and his efficiency are not here involved. It is simply and purely a question of whether the court will issue its mandate, directed to a State Commission, requiring it to reclassify the position of court stenographer and place it in the exempt class, when it now is in the competitive class, and compel the commission to certify to the Comptroller of the state that the relator has been legally appointed, when his name was never upon the eligible list. It cannot be claimed that the position of court stenographer is, so far as the appointing power is concerned, a confidential one.

[2] It is contended by the relator that an examination is impracticable, as evidenced by the fact that the relator, who is a competent stenographer, has failed to pass such examination as has been prescribed by the State Civil Service Commission. That is one view of it, and the other picture is the long list of names of stenographers upon the eligible list, and the appointments of 39 from such eligible list by the justices of the court in the several judicial districts of the state. That an examination is practicable, it seems to the court, is evidenced by the fact that such examinations have been had, eligible lists have been prepared, appointments have been made from such lists, and men in the service of the state as court stenographers have been for many years performing, to the entire satisfaction of the justices and of the people, the important duties which fall to that position.

In view of what has been said, it seems unnecessary to pass upon the question of whether the appointment of the relator was invalid, because made by a single justice, instead of by the justices of the Ninth judicial district, or by a majority of them. If the relator had been appointed or designated by a majority of the justices in the same manner as by Justice Tompkins, it would have been illegal.