Francis J. Bloustein, J.
Memorandum decision dated September 10, 1971 is republished as follows:
This is a motion by the State of New York for a preliminary injunction restraining the City of New York from implementing amendment 32 to the New York City Rent and Eviction Regulations, more particularly section 74 (subd. e) thereof. The city cross-moves for summary judgment declaring the validity of the challenged regulations and dismissing the complaint.
Amendment 32 was promulgated by the city on July 12, 1971, in the wake of recent enactments by the State Legislature *730 terminating rent controls of apartments becoming vacant after June 30, 1971. The enactments also terminated the authority of the City of New York to extend rent controls to presently uncontrolled units, as well as its authority to impose stricter controls on units already controlled (L. 1971, chs. 371, 372, eff. June 1, 1971); and requiring that any new local rule or regulation be submitted to the State Commissioner of Housing and Community Renewal (L. 1971, ch. 1012, eff. July 2, 1971).
The city has refused to submit amendment 32 to the State Commissioner for his approval resulting in the instant controversy. It contends that there is no legal requirement that the instant regulations be State approved because the language and intent thereof is not more restrictive or stringent than past rent regulations. An examination of amendment 32 reveals that it contains a presumption of harassment provision designed to complement a provision in chapter 371 which makes it unlawful for a landlord to harass a tenant causing him to vacate a controlled apartment. The presumption arises when the landlord has permitted a rent decrease order for diminution of essential services to persist during which time the tenant vacates the apartment. Unless the presumption is rebutted, the vacancy is deemed to have been caused by the landlord’s harassment of unremitting diminution of essential services thereby excluding the apartment from vacancy decontrol.
The court finds little consolation in the plea by the city that amendment 32 is a logical administrative extension of reasoning of the anti-harassment provision of the Vacancy Decontrol Law (L. 1971, ch. 371). Indeed, the history, language and tenor of the State law clearly manifest a policy of dismantling the unwieldy structure of local rent control by terminating the ' authority of New York City to extend or impose stricter rent controls, and by permitting incentives for housing maintenance, upgrading and massive construction by private industry in an atmosphere of an open competitive market. (See Governor’s Memoranda, McKinney’s Session Law, News of N. Y., 1971, vol. 5, p. A-244.) Thus, the economic concept of supply and demand is to become untrammeled by self-perpetuating local regulations which tend to frustrate sound housing development and to harm the tenants they are designed to serve.
Therefore, the new rule of presumption of harassment which the city urges is purely a nonstringent local administrative extension of the State law, serves only as an obstructive satellite in the newly-created atmosphere of open competition and tends to perpetuate the existence of local control. Further, by obstructing transition, the new rule is inconsistent with the *731 State law. The inconsistency of a local law must he subservient to the State statute, since rent control is primarily a matter of State concern. (See City of New York v. State of New York,, 67 Misc 2d 513; F. T. B. Realty Corp. v. Goodman, 300 N. Y. 140, 148.)
Accordingly, the motion by the State is granted and the cross motion is in all respects denied.