Francis J. Bloustein, J.
Motions under calendar Nos. 131, 132 and 161 of July 31, 1972 are consolidated to be disposed of as follows:
Plaintiff is a landlord and owner of a rent-controlled premises located at 90-11 149th Street, Jamaica, Long Island, New York, *689 The instant action is for declaratory judgment declaring void defendant’s, the City Rent Agency, administrative rule to reduce maximum rents where there have been violations of the regulations of the Air Resources Department. In conjunction with the ultimate relief sought, plaintiff seeks a preliminary injunction enjoining and restraining defendant from effectuating its order and from decreasing the maximum collectible rent for the subject premises. Defendant cross-moves for an order dismissing the complaint pursuant to CPLR 3211 (subd. [a], par. 2) upon ground that the court lacks jurisdiction over the subject matter in that plaintiff has failed to comply with the statutory provisions requiring an aggrieved party to exhaust administrative remedies before seeking judicial review (Administrative Code of City of New York, § Y51-9.0). In addition, the court is presented with an application by the Bronx Realty Advisory Board, Inc. and the Metropolitan Fair Rent Commi.ttee, Inc. for an order pursuant to CPLR 1013 permitting them to intervene in the instant action by and on behalf of their respective members.
Basically, plaintiff alleges by its complaint that defendant City Rent Agency allegedly enacted a rule requiring reduction in maximum collectible rents where there had been a violation of the Air Pollution Control Law. The aforesaid regulation, contrary to existing law, had not, prior to implementation, been submitted to the State Division of Housing for approval (L. 1971, ch. 1012). .The City Rent Agency, in an attempt to render the instant controversy moot, recently submitted the regulation for approval. The State Division of Housing, however, refused its approval, and although named as a party defendant, joins with plaintiff in its application for a preliminary injunction enjoining any reduction in maximum collectible rents.
At first blush, it would seem that the proper initial reaction would be to deny the relief sought. It appears a repugnant proposition that the court be asked to invoke its equitable powers to aid one who is in apparent violation of a law designed to protect the health and welfare of the public at large. (Of. 7A Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 6301.23.) Of equal repugnance, however, is the position adopted by the City Rent Agency. Demonstrably plaintiff has a clear right to the relief sought. The instant regulation is clearly more stringent than prior policy and is therefore inconsistent with State law and the position adopted by the State Administrator. As this court has previously expressed in an analogous situation the inconsistency of local law must be subservient to State statute *690 (Urstadt v. Walsh, 67 Misc 2d 729). The City Bent Agency, however, apparently has decided to ignore the existing legal and administrative realities and chose to draw oblique distinctions and exceptions in order to circumvent the aforesaid statute and legislative policy of this State. This cannot be permitted. As any other litigant, the City Bent Agency must live within the realities of the existing situation and not extend its administrative powers beyond the pale of existing authority. The motion for a preliminary injunction should for that reason be granted.
This determination is in no manner affected by the fact that plaintiff had made no attempt to exhaust the administrative remedies available to it. The doctrine of exhaustion of administrative remedies, although a device by which the courts deny premature or unnecessary resort to their jurisdiction, is not without limitation. If an administrative remedy would afford a plaintiff substantially less than adequate relief for a wrong or no relief at all, the failure to exhaust remedies should not be a bar to seeking relief in the court through any appropriate means (cf. Lesron Junior v. Feinberg, 13 A D 2d 90, 94). It is obvious that the instant situation is quite unique and an exhaustion of administrative remedies would serve no useful purpose and would, indeed, be a futile act. Involved here is not a mere question of the interpretation made by a local rent administrator, but the legitimacy of -certain policies and regulations promulgated by the City Bent Agency itself. We are dealing solely with a question -of law. This court sees no reason to delay the resolution of this -controversy any further. Contemporary notions of distributive justice and simple fair play require that plaintiff be permitted immediate relief and the right to have the existing controversy formally determined. Accordingly, plaintiff’s motion for a preliminary injunction is granted. Defendants are to serve their answer upon plaintiff within 20 days after service of a copy of this order with notice of entry thereof.
The motion to intervene is denied. Intervention is permitted in the discretion of the court, when the applicant’s claim or defense and the main action have a common question of law and fact (CPLB 1013). The applicants, even if we were to treat them as representative -of a certain class of landlords, do not demonstrate that their membership is similarly aggrieved. Thus, applicants have failed to show that their interests or those of their membership will be jeopardized by their absence (3 Carmody-Wait, 2d New York Practice, § 19:135 et seq.). No showing is made to justify intervention at this point of time.