OPINION OF THE COURT
WlLMER J. PATLOW, J.
On February 15, 1972, Court of Claims Judge Robert M. Quigley appointed petitioner as his secretary. This is a noncompetitive position within the classified system of the unified court system. Petitioner continued in that position until terminated on April 26, 1977 by Judge Quigley.
Petitioner’s oral requests to Judge Quigley for reinstatement on April 26, 1977 and April 29, 1977 were denied. Subsequently, by letter dated July 12, 1977, petitioner’s attorney requested her reinstatement, and that a hearing be conducted pursuant to section 25.32 of the Rules of the Administrative Board (22 NYCRR 25.32). By letter dated August 9, 1977, respondent’s representative informed petitioner’s attorney that petitioner was not entitled to a hearing, since her title secretary to Judge in the Court of Claims had been designated as confidential by the Administrative Board. This article 78 proceeding was commenced shortly thereafter on September 26, 1977.
Petitioner seeks an order rescinding her termination, as well as reinstatement with back pay and benefits on the grounds that her removal without a hearing was in violation of her rights under the above-cited provision of the rules of the Administrative Board.
*294 At the threshold, respondent raises two procedural objections; namely that petitioner’s request for reinstatement is barred by the Statute of Limitations: and that article 78 relief is not available to petitioner because she has failed to exhaust her administrative remedies.
Although there is some authority to the effect that in the case of a removal of a public employee, the four-month Statute of Limitations found in CPLR 217 begins to run at once. "The weight of authority, however, supports the proposition that an employee, such as petitioner herein, who is discharged from his governmental position without a hearing is not required to seek reinstatement within four months from discharge, but may delay until such time as he has demanded reinstatement and has been refused, provided he has not so unduly delayed seeking reinstatement as to be guilty of laches”. (Matter of Sirles v Cordary, 49 AD2d 330, 332.)
The court finds that petitioner’s letter of July 12, 1977 seeking a hearing and reinstatement, and respondent’s August 9, 1977 letter of rejection, constitute the demand and refusal contemplated in the Sirles decision. This proceeding, having been brought well within four months after such demand and refusal, is deemed timely.
Respondent’s argument that petitioner has failed to exhaust her administrative remedies because she did not seek a reclassification of her title, would not only require petitioner to engage in an exercise in futility, since the reclassification procedure would have required her to apply to the very persons who have rejected her claim (see Nassau Ch., Civ. Serv. Employees Assn, v Board of Educ., 63 Misc 2d 49); but also would require petitioner to undertake a reclassification proceeding which could not give her the reinstatement and back pay she now seeks through article 78 relief.
"If an administrative remedy would afford a plaintiff substantially less than adequate relief for a wrong or no relief at all, the failure to exhaust remedies should not be a bar to seeking relief in the court through any appropriate means”. (Imperial Realty Co. v City Rent Agency, 71 Misc 2d 688, 690.)
Based upon the foregoing, the court will not bar respondent from seeking relief through this article 78 proceeding.
Turning to matters of substance, we find that in order to be entitled to a hearing, petitioner’s position must fall within the purview of section 25.32 (a) (3) of the Rules of the Admin *295 istrative Board (22 NYCRR 25.32 [a] [3]), which reads as follows:
"an employee of the unified court system holding a position in the noncompetitive class other than a position designated by the administrative board as conñdential or requiring the performance of functions influencing policy, who since his last entry into the service of the unified court system has completed at least five years of continuous service in the noncompetitive class in a position or positions not so designated in this Part as confidential or requiring the performance of functions influencing policy.” (Emphasis added.)
Respondent contends that petitioner is not entitled to a hearing because her position as secretary to Judge in the Court of Claims was designated as confidential by the Administrative Board when the title specifications were promulgated on October 1, 1967.
Respondent further contends that if there is any dispute as to the interpretation of their regulations, then respondent’s interpretation of its own regulations is entitled to "controlling” weight. (Matter of Roosevelt Hosp. v New York State Labor Relations Bd., 27 NY2d 25, 34.)
Petitioner responds that a "close reading” of the above-quoted provision, by its very language, excludes her position from being considered as one designated confidential.
Petitioner further responds that her duties were not in fact confidential since in addition to working for Judge Quigley she did secretarial work for visiting Judges, as well as occasional administrative tasks for the Chief Clerk of the Court of Claims and therefore the designation of her position as confidential by respondent is arbitrary and capricious.
The court cannot agree with petitioner’s position.
The "close reading” petitioner urges would require all confidential positions to be specifically designated as such "in this Part”. Since no positions are so designated, to accept petitioner’s "close reading” test would render the exception for confidential employees meaningless.
The court cannot accept an interpretation which leads to such an implausible result and therefore is compelled to give "controlling” weight to respondent’s interpretation of the disputed phrase "a position or positions not so designated in this Part as confidential”. That interpretation is in essence that respondent need not and in fact does not list any titles in *296 the Part itself, but that all designations of "confidential” are made in the title specifications themselves pursuant to the power given to the board, in this very section, to make such designations.
Having found that petitioner was a confidential employee within the meaning of the above-quoted section of the Rules of the Administrative Board, we turn to the question of whether or not such designation was arbitrary and capricious.
Courts have consistently and unequivocally indorsed and sustained the concept that the relationship between Judge and secretary is confidential. (Chittenden v Wurster, 152 NY 345, 358; Matter of Ottinger v Civil Serv. Comm., 240 NY 435, 442.)
Indeed, other court employees, less favorably situated, have attempted to attain confidential status by comparing their duties to those of a Judge’s secretary. (People ex rel. Weatherly v Milliken, 72 Misc 430.)
While it is true, as petitioner points out, that the cases cited are not of recent vintage, and precede the advent of the unified court system, as well as passage of the Taylor Law with its proliferation of public employment contracts, nevertheless, the court finds that neither the age of the authorities nor the coming of the unified court system, along with recent developments in the public employee labor relations field, has in any way diminished or altered the confidential relationship between Judge and secretary.
Similarly, the court finds that although petitioner on occasion performed tasks for visiting Judges and for the Chief Clerk of the Court of Claims that fact does not in any manner diminish or alter the confidential relationship between petitioner and Judge Quigley.
Based upon these findings, the court finds that respondent’s designation of petitioner’s position as confidential is not arbitrary and capricious.
Inasmuch as the court has found that petitioner was designated a confidential employee within the meaning of the appropriate section of the Rules of the Administrative Board, and that such designation was not arbitrary and capricious, the petition must be dismissed.